PEOPLE *v.* PIPPIN.

1. CRIMINAL LAW—CONDITIONS OF PROBATION—STATUTES.

Statutory conditions of probation must be read into an order of probation even though the order contains no express conditions (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

2. SAME—PROBATION—REVOCATION—GROSS INDECENCY—ATTEMPT—PREPARATION.

Inviting a 13-year-old boy to enter an automobile, is in and of itself, no offense known to the law, hence does not afford a basis for revoking probation of one convicted of gross indecency, there being no sufficient showing of an intent on defendant's part to accost or invite the boy to do a lewd or immoral act or of an attempt to do so, the invitation being no more than preparation for an attempt (Act No. 328, §§ 145a, 448, Pub. Acts 1931, § 145a as added by Act No. 174, Pub. Acts 1935, and amended by Act No. 88, Pub. Acts 1939).

3. SAME—PREPARATION—ATTEMPT.

Preparation consists in devising or arranging the means or measures necessary for the commission of the offense while an attempt is the direct movement towards the commission after the preparations are made.

4. SAME—ATTEMPT.

An act, to constitute a criminal attempt, must be one immediately and directly tending to the execution of the principal crime and committed by the accused under such circumstances that he has the power of carrying his intention into execution.

5. SAME—PROBATION—CONDITIONS—PRESUMPTIONS.

One convicted of crime and placed on probation has a right to know the conditions with which he was required to comply and while he is presumed to know the conditions prescribed by law no such presumption attaches to such other conditions as existed only in the mind of the judge, unexpressed to the

defendant either orally or in the order for probation (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

6. Same—Condition of Probation—Violation—Gross Indecency. Violation of trial judge's intended, but unexpressed, condition of probation that defendant who had been convicted of gross indecency refrain from questionable association with children did not warrant revocation of probation (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931; Act No. 328, §§ 145a, 448, Pub. Acts 1931, § 145a as added by Act No. 174, Pub. Acts 1935, and amended by Act No. 88, Pub. Acts 1939).

Appeal from Recorder's Court of the City of Detroit; Gillis (Joseph A.), J. Submitted October 18, 1946. (Docket No. 84, Calendar No. 43,435.) Decided December 2, 1946.

James Pippin was sentenced after he was found guilty of having violated probation. Reversed.

*M. H. Shillman,* for appellant.

*Foss O. Eldred,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Michael A. Guest,* Assistant Prosecuting Attorney, for the people.

North, J. Defendant was charged with gross indecency, admitted guilt of the specific offense charged and of other similar offenses and, upon his plea of guilty, was convicted and placed on probation. The court fixed no conditions of probation. Subsequently, at the outset of a summary hearing for violation of probation, the court informed defendant that the violation with which he was charged consisted of an attempt to entice into his automobile a 13-year-old boy. The substance of the pertinent testimony adduced at the hearing, denied by defend-

ant, was that the defendant was seated in his automobile one evening, parked at the curb, and as the boy passed by defendant beckoned to him; that the boy thereupon opened the car door and defendant asked him whether he knew what was on at the show, also his age, and where he lived, offered to take him home and invited him into the car for a ride. The boy declined the invitation and ran home. At the conclusion of the hearing the trial judge, in revoking probation and passing sentence, stated that "The charge is that he just committed or attempted to commit the same identical crime of which he was convicted." (Gross indecency.)

Defendant appeals, contending that he has violated no conditions of probation.

Into the order for probation, containing no express conditions, must be read the statutory conditions. 3 Comp. Laws 1929, § 17373, as amended by Act. No. 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17373, Stat. Ann. § 28.1133), provides in part:

"The conditions of probation shall include the following:

"(1) That the probationer shall not, during the term of his probation, violate any criminal law of the State of Michigan."

Under the circumstances of this case the claimed violation of the conditions of probation must rest upon a finding that defendant violated a criminal law.

Inviting a 13-year-old boy to enter an automobile is, in and of itself, no offense known to the law. There is no testimony to support the people's theory that defendant accosted, solicited or invited the boy to do a lewd and immoral act, contrary to the provisions of Act 328, § 448, Pub. Acts 1931 (Comp.

Laws Supp. 1940 § 17115–448, Stat. Ann. § 28.703).
Act No. 328, § 145a, Pub. Acts 1931 as added by Act
No. 174, Pub. Acts 1935 and amended by Act No. 88,
Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17115–
145a, Stat. Ann. 1946 Cum. Supp. § 28.341) defines
it as a misdemeanor to accost, entice or solicit a
child under the age of 16 years with intent to induce
or force that child to commit an immoral act or to
submit to an act of gross indecency. The testimony
shows that defendant invited the boy into his car.
It offers nothing as to defendant's intentions except
as they are to be inferred from the facts and cir-
cumstances and defendant's own actions. As for
these, the trial judge, in passing sentence, said:

"They might be innocent. They are always sub-
ject to suspicion. But coupled with his history and a
definite overt act, I will find him guilty of violating
his probation."

We do not believe the facts and circumstances of
the case suffice to give rise, with even a fair degree
of certainty, to an inference of criminal intent.

The theory that defendant is guilty of an attempt
to commit the crime of gross indecency presents not
only the same inherent weakness of no adequate
showing of criminal intent, but suffers from the
further infirmity that no overt act in the nature of
an attempt to commit the crime of gross indecency
is disclosed by the record. In the case of *McDade* v.
*People,* 29 Mich. 50, in construing 2 Comp. Laws
1871, § 7557, punishing the setting fire to buildings
or to any other material with intent to cause any
such buildings to be burnt, or the attempt by any
other means to cause any building to be burnt, this
Court held that the statute did not warrant a charge
for an attempt based on solicitation alone; that the
statute contemplated the employment of some physi-

cal means to attempt to cause the building to be burnt. In the case of *People* v. *Youngs,* 122 Mich. 292 (47 L. R. A. 108), this Court quoted with approval the following:

" 'Between preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement towards the commission after the preparations are made.' (*People* v. *Murray,* 14 Cal. 159.)"

and also

" 'The act [to constitute a criminal attempt] must be one immediately and directly tending to the execution of the principal crime, and committed by the prisoner under such circumstances that he has the power of carrying his intention into execution.' (*Regina* v. *Taylor,* 1 Fost. & F. 511, 512 [175 Eng. Rep. 831])"

Assuming an intent to commit the crime of gross indecency, defendant's act of inviting the youth to enter his car was not an act committed under such circumstances that he had the power of carrying his intentions into execution. The act, at most, can be considered no more than preparation for the attempt.

The people further urge that the language of the trial judge on the occasion of the summary hearing reveals that he had intended, at the time he placed defendant on probation some 16 months before, to impose as a condition of probation that which he neglected to express or include in the order for probation; viz., that defendant refrain from questionable association with children. In that connection the people cite *Ex Parte Selig,* 29 N. M. 430 (223 Pac. 97), as support for their contention that it was incumbent upon the defendant to inquire of the

court as to the specific conditions of probation and, having made no such inquiry, he should not now be heard to complain that the probation order does not contain the specific conditions which the court intended. The case has no application to the Michigan statute. 3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17373, Stat. Ann. § 28.1133). Defendant is not required to call to the court's attention that, under this statute, he may impose conditions in addition to those prescribed by the statute. The defendant had a right to know the conditions with which he was required to comply. He is presumed to know the conditions prescribed by law. No such presumption attaches to such other conditions as existed only in the mind of the judge, unexpressed to the defendant either orally or in the order for probation, and no violation of these warrants revocation of probation.

The order revoking probation is set aside and the sentence vacated.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Dethmers, J. did not sit.