PEOPLE *v.* KINDELL

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—INDUCEMENT.

A fulfilled promise of charge reduction is not a ground for vacation of a guilty plea even if the plea is induced by the promise.

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—SENTENCE CONCESSION.

Defendant's assertion that he was promised a sentence concession in exchange for a plea of guilty, supported by an affidavit of defendant stating that he was led to believe by the prosecutor's staff or office that defendant's sentence would be "very minor", where the affidavit does not identify the person in the prosecutor's office or on his staff who led the defendant to that belief, is not sufficient for reversal of the trial judge's failure to order a testimonial hearing on that issue.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 April 9, 1969, at Lansing. (Docket No. 6,131.) Decided April 21, 1969.

Oliver Kindell was convicted, on his plea of guilty, of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Frank L. Talkow,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 485, 494.

BEFORE: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

PER CURIAM. The defendant pled guilty to uttering and publishing a forged check[1] and was sentenced to 10 to 14 years' imprisonment. He appeals, asserting that his plea was induced by charge and sentence concessions promised by the prosecutor.

The claim that his plea was induced by a promise that another charge pending against him would not be prosecuted is supported in the record.[2] However, no claim is made that the promise not to prosecute that charge was not fulfilled. A fulfilled promise of charge reduction is not a ground for vacating a guilty plea even if the plea was induced thereby. *People* v. *Byrd* (1968), 12 Mich App 186. (Opinions of R. B. BURNS and LEVIN, JJ.)

The defendant supports his assertion that he was promised a sentence concession with an affidavit stating that he was led to believe by the prosecutor's staff or office that his sentence would be "very minor." The affidavit does not identify the person in the prosecutor's office or on his staff who led the defendant to that belief, nor does it state what such unidentified person said or did that prompted the defendant to entertain that belief. The trial judge did not err in failing to order a testimonial hearing on this issue. See *People* v. *Scruggs* (1968), 14 Mich App 47 and *People* v. *Dickerson* (1969), 17 Mich App 201; contrast *People* v. *Bartlett* (1969), 17 Mich App 205.

Affirmed.

---

[1] MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

[2] In this case, the trial judge stated that even though the Michigan Supreme Court, 380 Mich 754, has stayed all proceedings under and in pursuance of our Court's opinion and judgment in *People* v. *Taylor* (1968), 9 Mich App 333, he made it a practice to follow the guidelines suggested in *Taylor*, including questioning the defendant as to bargaining for charge and sentence concessions.