PEOPLE v BILLY WILLIAMS

1. CRIMINAL LAW—PROBATION—REVOCATION HEARING—EVIDENCE.

The standard of proof required in a probation revocation hearing is that the violation of a condition of probation need only be shown by a preponderance of the evidence because a probation revocation hearing is not a part of a criminal prosecution and, thus, the state need not provide the full panoply of rights due a criminal defendant.

2. CRIMINAL LAW—PROBATION—REVOCATION HEARING—EVIDENCE— STANDARD OF PROOF—ESCAPE.

The standard of proof to be applied at a probation revocation hearing is that violation of a condition of probation need only be shown by a preponderance of the evidence whether the probation violation charged is deemed a criminal offense or the failure to fulfill a condition of the probation order; thus, where a defendant was ordered to serve six months of his probation period in the Detroit House of Correction and left that penal institution without permission after 30 days, the defendant's conduct, be it dubbed a criminal escape, or a failure to fulfill the condition of six months in the Detroit House of Correction, is to be judged by the preponderance of the evidence standard.

3. CRIMINAL LAW—PROBATION—REVOCATION HEARING—REVIEW OF FINDING—EVIDENCE.

The sole question on review of a finding of violation of probation is whether the trial judge could find by a preponderance of the evidence that the probation order had been violated.

4. CRIMINAL LAW—PROBATION—REVOCATION—ADMISSION OF VIOLA-TION.

A judge could clearly determine that a prosecutor had proven his charge and that there were verified facts to support a revocation of probation where the order of probation required the defendant to spend six months in the Detroit House of Correction and the defendant, in the presence of counsel, admitted

REFERENCE FOR POINTS IN HEADNOTES
[1-9] 21 Am Jur 2d, Criminal Law §§ 562-568.

having left the Detroit House of Correction without permission before the six months were up.

5. CRIMINAL LAW—PROBATION—CONDITIONS OF PROBATION—PAYMENT OF MONEY—INVIDIOUS DISTINCTION AGAINST POOR.

A probation condition of payment of money does not constitute an invidious distinction against the poor provided that the condition of repayment is imposed only on those who are able to pay.

6. CRIMINAL LAW—PROBATION—RESTITUTION—NONPAYMENT.

Nonpayment of restitution cannot be grounds for revocation of probation if the defendant is unable to pay.

7. CRIMINAL LAW—PROBATION—CONDITION OF PROBATION—PAYMENT OF MONEY—CONSTITUTIONAL LAW—EQUAL PROTECTION.

A probation condition of payment of costs based on actual ability to pay will not violate equal protection.

8. CRIMINAL LAW—PROBATION—RESTITUTION—ABILITY TO PAY—CONSTITUTIONAL LAW—EQUAL PROTECTION—APPEAL AND ERROR.

A defendant whose probation is being revoked, or his counsel, must raise the issue of inability to pay restitution to gain the protection of the equal protection doctrine and, without giving the judge an opportunity to consider inability to pay, defendant cannot successfully appeal on this issue.

9. CRIMINAL LAW—PROBATION—NONPAYMENT OF COSTS—HARMLESS ERROR—ESCAPE—REVOCATION.

Consideration of an alleged violation of probation for nonpayment of costs, while erroneous, was harmless where the record shows that the judge relied almost exclusively on the defendant's escape from the Detroit House of Correction as the reason for revocation of probation.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted October 14, 1975, at Detroit. (Docket No. 22706.) Decided December 3, 1975.

Billy E. Williams was found to be in violation of probation, and probation was revoked. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Musilli, Meyers & Murphy,* for defendant.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

V. J. BRENNAN, P. J. Defendant appeals the order of the Detroit Recorder's Court revoking his probation, alleging that the court employed an erroneous standard of proof for violation of probation and that one condition of probation violated the equal protection clause.[1] We find his appeal without merit and affirm the order of revocation.

On October 22, 1972, defendant pled guilty to a charge of unlawfully taking and using an automobile.[2] He was placed on 2 years probation by Judge Joseph Maher of Detroit Recorder's Court. A probation order, issued November 17, 1972, included a number of conditions of probation, those of most immediate concern being:

"1. That probationer shall serve first 6 months of probation period in Detroit House of Correction.[3] 2. That probationer shall pay the costs as follows: $150 * * * .

"All costs and restitution are payable thirty (30) days prior to expiration date of this order unless otherwise noted. * * *

"General Conditions of Probation:

[1] US Const, Am XIV; Const 1963, art 1, § 2.

[2] MCLA 750.414; MSA 28.646.

[3] A condition of six months residence in the Detroit House of Correction is a permissible probation condition by MCLA 771.3; MSA 28.1133.

"A. Probationer shall not violate any criminal law of the State of Michigan or any ordinance of any municipality of the State, nor attempt to do so, nor make any preparation leading to the same."

On June 1, 1973, a notice of probation violation issued,[4] stating:

"(1) On December 23, 1972, probationer escaped from the Detroit House of Corrections, no contact since that time.

"(2) Probationer has paid nothing on his $150.00 money assessment in the form of court costs."

At the probation revocation hearing, August 9, 1974, defendant, with counsel present, admitted that he left Detroit House of Correction without permission after serving about 30 days. The court held that defendant violated his probation.

Although Michigan courts have never explicitly stated the standard of proof required in a probation revocation hearing,[5] the general rule appears to be that violation of a condition of probation need only be shown by a preponderance of the evidence.[6] The rationale for this standard is that a probation revocation hearing is not a part of a criminal prosecution and, thus, the state need not provide the full panoply of rights due a criminal defendant. *Cf., Morrissey v Brewer,* 408 US 471,

---

[4] Written notice of specific probation violation charges is necessary. *E.g., People v Collins,* 25 Mich App 609; 181 NW2d 601 (1970).

[5] *People v Pippin,* 316 Mich 191, 194; 25 NW2d 164 (1946), perhaps suggests a standard of proof when the probation revocation is based on a subsequent criminal offense: "We do not believe the facts and circumstances of the case suffice to give rise, with even a *fair degree of certainty,* to an inference of criminal intent." (Emphasis added.)

[6] *See, e.g., United States v D'Amato,* 429 F2d 1284, 1286 (CA 3, 1970), *People v Sax,* 71 Ill App 2d 433; 218 NE2d 250 (1966), ABA Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.4(a)(iii).

480; 92 S Ct 2593; 33 L Ed 2d 484 (1972) (parole revocation).

This standard of proof is to be applied whether the probation violation charged is deemed a criminal offense or the failure to fulfill a condition of the probation order.[7] Thus defendant's conduct, be it dubbed a criminal escape, or a failure to fulfill the condition of six months in the Detroit House of Correction, is to be judged by the preponderance of the evidence standard.

The sole question on review of the finding of violation of probation is whether the trial judge could find by a preponderance of the evidence that the probation order had been violated. *Cf., Flat Hots Co, Inc, v Peschke Packing Co,* 301 Mich 331, 336–337; 3 NW2d 295 (1942) (civil use of preponderance standard). We look to see if the revocation was "based on verified facts" and if the trial judge's exercise of discretion was "informed by an accurate knowledge of the [probationer's] behavior". *Morrissey v Brewer, supra,* 484.

Here, where the defendant, in the presence of counsel, admitted having left the Detroit House of Correction without permission, the judge could clearly determine that the prosecutor had proven his charge and there were verified facts to support the revocation.

The second issue, concerning the probation condition requiring the payment of costs,[8] raises equal

---

[7] *People v Pippin, supra,* n 5, concerns an alleged violation of probation by the attempted commission of a criminal act. The case requires that all elements of the crime, or attempted crime, be shown but does not require a beyond reasonable doubt standard of proof. Rather, the court merely requires "a finding that the defendant violated a criminal law". 316 Mich 191, 193.

[8] This challenge is *not* based on reimbursement of attorney's fees, a challenge involving more complicated right to counsel questions. US Const, Am VI Const 1963, art 1, § 13. *Compare State ex rel Brundage v Eide,* 83 Wash 2d 676; 521 P2d 706 (1974), *In re Allen,* 71 Cal 2d 388, 455 P2d 143; 78 Cal Rptr 207 (1969), with *State v Foust,* 13 NC

protection concerns. In particular, the defendant claims that the imposition of costs has invidious results in that poor probationers may have probation revoked more often than wealthier probationers. An equal protection argument very similar— concerning revocation of probation for failure to reimburse attorney's fees—was apparently unresolved in *Fuller v Oregon,* 417 US 40, 48 n 9; 94 S Ct 2116; 40 L Ed 2d 642 (1974). That opinion, however, suggests that the probation condition of payment of money does not constitute an invidious distinction against the poor provided that the condition of repayment is imposed only on those who are able to pay. 417 US 40, 48 n 9, 53 n 12.

In Michigan, *People v Gallagher,* 55 Mich App 613, 620; 223 NW2d 92 (1974), mandates that nonpayment of restitution cannot be grounds for revocation of probation if the defendant is unable to pay. *Gallagher's* logic applies to nonpayment of costs as well. The *Gallagher* holding satisfies the suggestion in *Fuller* that payment only be required when there is an ability to pay. A probation condition of payment of costs based on actual ability to pay will not violate equal protection.

Defendant contends that there was no inquiry of his ability to pay. However, it was incumbent upon defendant or his counsel to raise below the issue of inability to pay to gain the protection of the equal protection doctrine. We can find in the record no objection voiced to the requirement of costs.[9] Without giving the judge an opportunity to consider inability to pay, defendant cannot successfully

App 382; 185 SE2d 718 (1972), *Fuller v Oregon,* 417 US 40; 94 S Ct 2116; 40 L Ed 2d 642 (1974).

[9] In fact, the defendant told the court that he was self-employed. Moreover, at the end of the hearing, the judge informed the defendant that if he were financially unable to afford counsel for appeal, the court would appoint counsel.

appeal on this issue. *People v Double,* 57 Mich App 633; 226 NW2d 594 (1975).

There is, however, an issue concerning the probation condition of payment of costs that troubles us. The probation order required that the $150 be paid "thirty days prior to the expiration date of this order". The expiration of the order was at the end of the two-year-probation period, November 17, 1974. The notice of violation was issued June 1, 1973 and the hearing was August 9, 1974, both dates being prior to the due date of the costs. The probation condition of payment of costs was therefore not violated as of the notice date or the hearing date. Defendant has not appealed on this issue, but we are concerned nonetheless. If the trial judge considered nonpayment of costs and gave significant import to an erroneous finding that the condition was violated, we would be required to remand for a new revocation hearing. Our reading of the hearing transcript, however, convinces us that the judge relied almost exclusively on the escape from the Detroit House of Correction as the reason for revocation. Consideration of the alleged violation for nonpayment of costs, while erroneous, was harmless in this case.

The order of revocation of probation is affirmed.