PEOPLE v BAINES

Docket No. 77-1058. Submitted January 11, 1978, at Detroit.—Decided May 23, 1978.

Eric Baines was on probation for conviction of a crime when he was charged with armed robbery. A probation revocation hearing was held and defendant's probation was revoked. He then was convicted on his plea of guilty of armed robbery in Recorder's Court of Detroit, Samuel C. Gardner, J. Defendant appeals alleging that the holding of a probation revocation hearing prior to trial was fundamentally unfair and a denial of due process and his subsequent plea was involuntary because of the resulting duress. *Held:*

A probationer may have his probation revoked for engaging in subsequent criminal activity even if acquitted of the crime charged and probation may properly be revoked either before or after trial on the new criminal charge.

Affirmed.

D. E. HOLBROOK, JR., dissents. He would find it fundamentally unfair to hold such a probation revocation hearing prior to trial because of its chilling effect on a probationer's right to due process and privilege against self-incrimination. He would hold that the prosecutor must either postpone the revocation hearing until after trial or grant the probationer limited immunity to testify.

OPINION OF THE COURT

1. CRIMINAL LAW—PROBATION—PROBATION REVOCATION HEARING— BURDEN OF PROOF.

A probationer may have his probation revoked for engaging in subsequent criminal conduct even if acquitted of the crime charged in the subsequent case; the burden on the prosecution in a criminal trial is to prove the defendant guilty beyond a reasonable doubt and in a probation revocation hearing is to prove the defendant guilty by a preponderance of the evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 567.
[3] 21 Am Jur 2d, Criminal Law §§ 359, 495.

DISSENT BY D. E. HOLBROOK, JR., J.

2. CRIMINAL LAW—PROBATION—PROBATION REVOCATION HEARING—
   DUE PROCESS—SELF-INCRIMINATION.

   *It is fundamentally unfair to a probationer to hold a revocation hearing prior to the trial on a subsequent offense where the sole basis for revoking probation is a finding that the probationer committed the subsequent offense; such a procedure chills a probationer's exercise of his right to due process and privilege against self-incrimination.*

3. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—DUE PROCESS—SELF-INCRIMINATION.

   *A guilty plea does not constitute a waiver of rights grounded in the due process clause; thus a plea of guilty does not waive error claimed in criminal proceedings which chilled a defendant's rights to due process and privilege against self-incrimination.*

4. CRIMINAL LAW—PROBATION—PROBATION REVOCATION HEARING—
   LIMITED IMMUNITY.

   *A prosecutor should have the option of either postponing a probation revocation hearing until after the trial for a subsequent offense or proceeding with the revocation hearing prior to trial but granting the probationer limited immunity as to testimony given in the earlier revocation hearing where the basis for revocation of probation is the commission of a subsequent criminal offense; such testimony or the fruits thereof should be admissible at a subsequent trial on the substantive criminal charge only for purposes of impeachment or rebuttal where the testimony or the fruits thereof at the revocation hearing and the testimony of the defendant on direct examination at trial are so clearly inconsistent as to warrant admission to reveal to the trier of fact the probability of perjury.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Daniel Petrella,* Assistant Prosecuting Attorney, for the people.

*Finn, VanDusen & Freud,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals from his plea-based conviction for armed robbery. MCL 750.529; MSA 28.797. His arguments on appeal focus on the timing of the plea hearing in this case and probation revocation proceedings in another case.

Defendant was already on probation for a previous conviction when he was charged with the instant armed robbery. That probation was revoked as a result of this charge. The revocation hearing was held and a sentence was imposed in the other case before defendant pled guilty on this armed robbery charge. A part of the bargain offered to the defendant in return for his plea of guilty was a promise that his sentence in this case would not exceed the sentence imposed following the probation revocation and that both sentences would run concurrently. That bargain was kept by the prosecution and the trial judge.

On appeal, defendant argues that where a defendant allegedly violates his probation contract by engaging in criminal activity, a revocation hearing may not be held until after the defendant is tried on the new criminal charges. While that may be the sequence of events in most cases, we reject any suggestion that the revocation hearing may not be held first. The defendant's probation might have been revoked even if he had been acquitted of the present armed robbery charge if the prosecution failed to establish guilt beyond a reasonable doubt but did show guilt by a preponderance of the evidence. *People v Billy Williams,* 66 Mich App 67; 238 NW2d 407 (1975). See also *People v White,* 98 Ill App 2d 1; 239 NE2d 854 (1968).

Defendant states that holding the revocation hearing first "creates 'unjustifiable tension' between the defendant's rights to due process and the right to be free from duress when he enters a plea". He assumes that a person who has already been sentenced following a revocation of probation is more likely to accept a favorable plea bargain which does not impose additional punishment. We agree with that assumption, but it does not follow that this conviction must be reversed for that reason. All plea bargains involve some consideration passing from the prosecution to the defendant in order to induce the defendant to waive a full trial. Almost all defendants who enter guilty pleas do so because they expect to be treated more leniently if they plead guilty. If they had nothing to gain by pleading guilty and nothing to lose by going to trial, most of those defendants would choose the trial in the hope that they might somehow be acquitted. The fact that they would not plead guilty were it not for a promise or expectation of leniency does not render their pleas involuntary. *People v Kindell,* 17 Mich App 22; 168 NW2d 909 (1969), *People v Guest,* 47 Mich App 500; 209 NW2d 601 (1973). Defendant has raised a slightly different variation of the contention made by the defendants in the two cited cases and many others. It has always been rejected because acceptance would make plea bargaining impossible. The form of the argument is different here, but it still has no merit.

We also note that if the order of the proceedings had been reversed, the defendant might very well appeal the probation revocation, arguing that his will to resist the revocation had been overcome by the effects of his conviction and sentence on the substantive charge. One or the other must come

first and we see no error in the decision to start with the probation revocation hearing.

Affirmed.

D. E. HOLBROOK, JR., J. *(dissenting).* Absent a rule preventing the use of a probationer's revocation hearing testimony at the subsequent trial, I believe it is fundamentally unfair to hold the revocation hearing prior to the trial on the substantive offense when the sole basis for revoking probation is a finding that the probationer committed the substantive offense. Whether or not constitutionally mandated, such a rule is necessary to prevent a chill on a probationer's exercise of his right to due process of law and his privilege against self-incrimination.

In general, a plea of guilty waives all non-jurisdictional defects. *People v Alvin Johnson,* 396 Mich 424, 440; 240 NW2d 729 (1976). Although defendant pled guilty to the substantive offense in the instant case, his guilty plea does not constitute a waiver of rights, "grounded in the due process clause". *Alvin Johnson, supra,* at 444. A review of the plea taking transcript indicates defense counsel raised the issue of the impact of the prior probation revocation on the guilty plea and that counsel stated he intended to raise the issue on appeal. Because of the nature of the rights asserted, *Alvin Johnson, supra,* at 444, I conclude that defendant's guilty plea has not waived his right to appellate review.

It is undisputed that although probation revocation is not a stage of criminal prosecution, a probationer is entitled to due process of law. *Gagnon v Scarpelli,* 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973), *People v Rial,* 399 Mich 431, 435; 249 NW2d 114 (1976). According to the Michi-

gan Supreme Court, a probationer is entitled to "more limited due process rights" than one accused of a crime. *Rial, supra,* at 435. I agree with Justice LEVIN's concurring opinion in *Rial* that there is a need to promulgate rules and procedures defining what due process protections must be afforded at a revocation hearing.

The problem in the instant case arises because defendant's probation was revoked on the basis of a finding that defendant committed a substantive offense before defendant was brought to trial on the substantive offense. A finding of probation violation need be proven by a "preponderance of the evidence", *People v Miller,* 77 Mich App 381, 387; 258 NW2d 235 (1977), *People v Billy Williams,* 66 Mich App 67, 71; 238 NW2d 407 (1975), while at a trial on the substantive offense, guilt must be established beyond a reasonable doubt. By holding the revocation hearing first, the court can find defendant violated a criminal law by a preponderance of the evidence before defendant is afforded his constitutional right to a trial on the substantive offense and before he is found guilty of that offense.

Other states have adopted varied approaches to the propriety of holding a revocation hearing prior to the trial when the sole basis for revocation is commission of the substantive offense. In Georgia, Illinois, Pennsylvania and Texas a defendant has no right to delay a revocation hearing until the trial is held on the substantive offense. *Dickerson v State,* 136 Ga App 885; 222 SE2d 649 (1975), *Jackson v State,* 140 Ga App 659; 231 SE2d 554 (1976), *People v Huff,* 44 Ill App 3d 273; 357 NE2d 1380 (1976), *People v Woodall,* 44 Ill App 3d 1003; 358 NE2d 1267 (1976), *Commonwealth v Kates,* 452 Pa 102; 305 A2d 701 (1973), *Bradshaw v State,*

518 SW2d 548 (Tex Crim App, 1975). In Arizona the practice of delaying a revocation hearing until after trial is expressly disapproved. *State v Jameson*, 112 Ariz 315; 541 P2d 912 (1975), *State v Astorga*, 26 Ariz App 260; 547 P2d 1060 (1976).

In Justice Levin's concurring opinion in *Rial, supra,* p 447, n. 14, he noted:

"The American Bar Association Standards Relating to Probation (Approved Draft 1970) provide:
"5.3 Proceedings following commission of another crime.
"A revocation proceeding based solely upon commission of another crime ordinarily should not be initiated prior to the disposition of that charge. However, upon a showing of probable cause that another crime has been committed by the probationer, the probation court should have discretionary authority to detain the probationer without bail pending a determination of the new criminal charge."[1]

In 1973, the National Advisory Commission on Criminal Justice Standards and Goals (Report on Corrections at 158–161) disapproved the practice of holding revocation hearings prior to trial on the substantive offense and concluded probation should not be revoked for the commission of a new crime unless the probationer has been tried and convicted of that crime. See *People v Amaro,* 79 Misc 2d 499; 358 NYS2d 900, 904 (1974). Despite the recommendations of these groups, I have been unable to locate any states which have adopted them.

Courts are split as to whether a subsequent acquittal or dismissal on the substantive offense requires a prior finding of probation violation be

[1] For a criticism of the ABA standard, *see Rubera v Commonwealth,* — Mass —; 355 NE2d 800, 805 (1976).

vacated. In Connecticut and North Carolina a subsequent acquittal requires vacation. *State v Roberson,* 165 Conn 73; 327 A2d 556 (1973), *State v Guffey,* 253 NC 43; 116 SE2d 148 (1960). In Illinois if a conviction which forms the basis of a probation revocation is overturned on appeal, the revocation order will be vacated. *People v Hannah,* 31 Ill App 3d 1087; 335 NE2d 84 (1975). In other states, however, courts have held a subsequent acquittal does not entitle a defendant to have the finding of probation revocation vacated. *Russ v State,* 313 So 2d 758 (Fla 1975), *State v Fortier,* 20 Or App 613; 533 P2d 187 (1975). In Arizona a subsequent dismissal of the substantive charges was held not to require vacation of the probation revocation. *State v Jameson, supra.*

As stated earlier, I believe the solution to the problem has been adopted by the California Supreme Court and the Rhode Island Supreme Court —to allow the prosecution the option of either postponing the revocation hearing until after trial or proceeding with a revocation hearing prior to trial but granting the probationer limited immunity as to testimony given in the earlier revocation hearing. *People v Coleman,* 13 Cal 3d 867; 120 Cal Rptr 384; 533 P2d 1024 (1975), *State v DeLomba,* 117 RI 673; 370 A2d 1273 (1977).

In *Coleman* the California Court found it unnecessary to rule on constitutional grounds since, "[w]hether or not it actually abridged defendant's constitutional rights, the choice forced upon him at his revocation hearing was unnecessarily inconsistent with constitutional values". 13 Cal 3d at 871–872; 533 P2d at 1030. A fundamental requisite of due process is the probationer's constitutional right to be heard at the revocation hearing. *Morrisey v Brewer,* 408 US 471, 489; 92 S Ct 2593; 33 L Ed 2d 484 (1972), *Gagnon v Scarpelli, supra,* 411

US at 782, *People v Martin,* 61 Mich App 102, 107; 232 NW2d 191 (1975), *Coleman, supra,* 13 Cal 3d at 871–872; 533 P2d at 1030. When the revocation hearing precedes the trial, the probationer may be deterred from exercising his right to speak at the hearing because he or she runs the risk of self-incrimination. As the California Supreme Court reasoned:

"When a pending or potential criminal charge forms the basis of an alleged violation of a condition of probation, a probationer who can explain his actions only by jeopardizing his chances of acquittal at a subsequent criminal trial may understandably feel that his opportunity to be heard is more illusory than real and that he is being deprived of his liberty without one of the essential elements of rudimentary fairness—a meaningful chance to speak on his own behalf."

*Coleman, supra* 13 Cal 3d at 874; 533 P2d at 1031. In a criminal proceeding, a defendant's innocence is presumed and he or she must be proven guilty beyond a reasonable doubt. The heavy burden placed on the prosecution in a criminal trial may be substantially lightened if the prosecution is permitted to take advantage of defendant's testimony at a prior revocation hearing. As *Coleman* points out, by holding the revocation hearing first, the prosecution is playing a "tails win we, heads you lose" game. If the probationer is deterred from testifying at the revocation hearing by fears of self-incrimination at the subsequent trial, the prosecution's chances of obtaining a finding of violation are increased; if the probationer successfully fights revocation by testifying at the hearing, the prosecution's chances of securing a conviction of the new offense are increased because, in effect, the probationer has been forced to be one of the

prosecution's chief witnesses at trial. *Coleman,
supra,* 13 Cal 3d at 877; 533 P2d at 1033.

Although noting that the most desirable method
would be to hold the trial before the revocation
hearing, *Coleman, supra,* 13 Cal 3d at 896; 533 P2d
at 1046, the California Court gave the prosecution
an option by adopting the following rule:

> "We accordingly declare as a judicial rule of evidence
> that henceforth upon timely objection the testimony of
> a probationer at a probation revocation hearing held
> prior to the disposition of criminal charges arising out
> of the alleged violation of the conditions of his proba-
> tion, and any evidence derived from such testimony, is
> inadmissible against the probationer during subsequent
> proceedings on the related criminal charges, save for
> purposes of impeachment or rebuttal where the proba-
> tioner's revocation hearing testimony or evidence de-
> rived therefrom and his testimony on direct examina-
> tion at the criminal proceeding are so clearly inconsist-
> ent as to warrant the trial court's admission of the
> revocation hearing testimony or its fruits in order to
> reveal to the trier of fact the probability that the
> probationer has committed perjury at either the trial or
> the revocation hearing." *Coleman, supra,* 13 Cal 3d at
> 889; 533 P2d at 1042.

In 1977 the Rhode Island Supreme Court
adopted the *Coleman* rule in the interest of the
sound administration of justice. *DeLomba, supra,*
117 RI at 680–681; 370 A2d at 1277.

> " * * * we hold that henceforth the state must either
> hold the violation hearing first and give the alleged
> violator use and derivative use immunity for any testi-
> mony he may give, or postpone the violation hearing
> until after the criminal trial. In our judgment, a prac-
> tice so structured will be essentially fairer than our
> present procedure." *DeLomba,* 117 RI at 678–679; 370
> A2d at 1276.

While the Rhode Island Court has an "exclusionary" rule, the purpose and effect of both are the same.

Until a probationer/defendant is protected by such a rule, whether judicially or legislatively created, I believe it is fundamentally unfair to allow the revocation hearing to precede the trial. In the instant case, since no rule of immunity or exclusionary rule currently exists, I would vacate both the finding of probation violation and the guilty plea and remand to the lower courts. Defendant should be afforded his right to trial on the substantive offense before any further probation revocation proceedings.