PEOPLE v HAMILTON

Docket No. 77-2989. Submitted March 15, 1978, at Detroit.—Decided July 6, 1978.

Henry Hamilton was convicted of obtaining money under false pretenses in Recorder's Court of Detroit. He was sentenced to three years probation and ordered to pay restitution. He violated his probation and was sentenced by Joseph A. Gillis, J., to a term of five to ten years in prison or payment of a $7,500 fine. Defendant appeals contending that his probation should not have been revoked for failure to pay restitution and that, under the statute, a sentence of both fine and imprisonment is discriminatory and unconstitutional. *Held:*

1. Appeal is not preserved where a defendant fails to timely make his argument that revocation of his probation for failure to pay restitution because of indigency is discriminatory and unconstitutional.

2. A fine and imprisonment cannot be conjoined in one sentence where the court is limited by statute to either a sentence of ten years in prison or a fine of not more than $5,000.

Remanded for resentencing.

1. CRIMINAL LAW—PROBATION—REVOCATION OF PROBATION—RESTITUTION—NONPAYMENT—ABILITY TO PAY—VIOLATION OF OTHER CONDITIONS—CONSTITUTIONAL LAW—EQUAL PROTECTION—APPEAL AND ERROR.

Appeal is not preserved where a defendant failed to timely make his argument that revocation of his probation for failure to pay restitution was based on his indigency and was therefore unconstitutionally discriminatory under the Fourteenth Amendment, and where an examination of the record shows that

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 574.

21 Am Jur 2d, Criminal Law §§ 565–567.

Ability to pay as necessary consideration in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

[2] 21 Am Jur 2d, Criminal Law §§ 535, 537.

defendant admitted having violated other conditions of probation in addition to nonpayment of restitution (US Const, Am XIV).

2. CRIMINAL LAW—SENTENCE—ABILITY TO PAY—FINE OR IMPRISON-
MENT—SENTENCE LIMITATIONS.

A fine and imprisonment cannot be conjoined in one sentence where the court is limited by statute to either a sentence of ten years in prison or a fine of not more than $5,000.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Donald R. Gold,* for defendant.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant Henry Hamilton failed to preserve for appeal his argument that revocation of his probation for failure to pay restitution was based on his indigency, and was therefore unconstitutionally discriminatory under the Fourteenth Amendment. US Const, Am XIV. Appeal is therefore precluded. *People v Billy Williams,* 66 Mich App 67, 72; 238 NW2d 407 (1975).

Furthermore, examination of the record shows that defendant admitted having violated other conditions of probation in addition to nonpayment of restitution.

The trial judge did not err in revoking defendant's probation, but he did err by sentencing defendant to five to ten years or payment of $7,500. Under the statute as worded, the court was limited to *either* a sentence of 10 years in prison *or* a fine of not more than $5,000, not both. Both imprisonment and a fine may not be conjoined in the one

sentence so as to make defendant's ability to pay the determinant of imprisonment were he not able to pay. He may be sentenced to prison or fine, one only.

Remanded to another judge for resentencing.