PEOPLE v MORGAN

Docket No. 77-2939. Submitted June 23, 1978, at Detroit.—Decided August 22, 1978.

Defendant Herman N. Morgan was convicted on his plea of guilty of carrying a pistol in a motor vehicle and placed on probation. During the term of his probation he was arrested again for carrying a weapon in a motor vehicle. A notice of probation violation and warrant were issued and a probation revocation hearing was held and the Recorder's Court of Detroit, Joseph A. Gillis, J., revoked defendant's probation and sentenced him to a flat five years in prison on his original conviction. Defendant appeals. *Held:*

1. The sole question on review of a finding of violation of probation is whether the trial judge could find by a preponderance of the evidence that the probation order had been violated.

2. It was proper for a judge to consider hearsay testimony at a probation revocation hearing because such hearings are summary and informal and not subject to the rules of evidence applicable in criminal trials.

3. The imposition of a flat five years sentence in this case was improper because the indeterminate sentence act applies.

Affirmed and sentence modified.

1. CRIMINAL LAW—PROBATION—REVOCATION HEARING—REVIEW OF FINDING—EVIDENCE.

The sole question on review of a finding of violation of probation is whether the trial judge could find by a preponderance of the evidence that the probation order had been violated.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Comment note—procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

[3] 21 Am Jur 2d, Criminal Law § 614.

2. Criminal Law—Probation—Revocation Hearing—Evidence—Hearsay—Statutes.

It is proper for a judge to consider hearsay testimony at a probation revocation hearing because such hearings are summary and informal and not subject to the rules of evidence applicable in criminal trials (MCL 771.4; MSA 28.1134).

3. Criminal Law—Sentences—Indeterminate Sentences—Repeat Offender—Habitual Criminal—Statutes.

The indeterminate sentencing statute applies to a defendant who is a repeat offender where the defendant was not charged or convicted under the habitual criminal act (MCL 769.8, 769.12; MSA 28.1080, 28.1084).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Adam J. Dadaou, P. C.* (by *David A. Stevens),* for defendant.

Before: D. C. Riley, P. J., and M. F. Cavanagh and B. M. Hensick,* JJ.

B. M. Hensick, J. On October 11, 1973, defendant was placed on three years probation after pleading guilty to carrying a pistol in a motor vehicle. MCL 750.227; MSA 28.424. One of the conditions of probation was that defendant was to have no contact with guns. On April 19, 1976, defendant was arrested for carrying a weapon in a motor vehicle.

A notice of probation violation and warrant were issued on March 3, 1977.[1] On June 9, 1977, a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] On September 15, 1976, pursuant to the request of defendant's probation officer, the lower court extended defendant's term of probation for one year, or until court costs were paid in full. The extension had been recommended because, although defendant's behavior had

probation violation hearing was held. At this hearing, the court revoked defendant's probation and sentenced him to a term of five years in prison on the original conviction. Defendant appeals as of right.

Defendant first contends that he was denied due process at the probation violation hearing. After reviewing the hearing transcript, we find that defendant was afforded the minimum due process requirements delineated in *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

Defendant also contends that the lower court abused its discretion in finding that he had violated the terms of his probation.

The sole question on review of the finding of violation of probation is whether the trial judge could find by a preponderance of the evidence that the probation order had been violated. *People v Billy Williams*, 66 Mich App 67; 238 NW2d 407 (1975). We look to see if the revocation was "based on verified facts" and if the trial judge's exercise of discretion was "informed by an accurate knowledge of the [probationer's] behavior". *Morrissey v Brewer, supra* at 484.

In the instant case, the proofs established the presence of a gun on the front seat of the vehicle in which defendant was an occupant, that the gun had been recently fired and that the vehicle had been stopped because it fit a police radio description of a vehicle which had been involved in a

been exemplary, he had only paid $20 of the $104 assessed against him. At the time of the probation hearing, defendant had not paid the costs, nor had he alleged any inability to pay. *People v Billy Williams*, 66 Mich App 67; 238 NW2d 407 (1975).

Apparently, the court was not informed of defendant's April 19, 1976, arrest at the time it extended the probation. The probation officer's written request for the extension, upon which the court's order was based, stated that the defendant had not had any further law violations.

shooting incident. Although the driver of the vehicle testified that defendant did not know about the gun, there was more than sufficient evidence from which the court could have inferred that defendant possessed the requisite knowledge. *People v Moceri,* 294 Mich 483; 293 NW 727 (1940). Defendant's subsequent jury acquittal of the charged offense is irrelevant as the standard of proof was not the same.

Defendant's contention that hearsay testimony was improperly considered at the hearing is without merit. In Michigan, revocation hearings are "summary and informal and not subject to the rules of evidence * * * applicable in criminal trials". MCL 771.4; MSA 28.1134. Also, see *Morrissey v Brewer, supra,* 489.

We conclude that the lower court did not err in revoking defendant's probation.

Lastly, defendant contends that the imposition of a flat five-year sentence violates the provisions of the indeterminate sentencing act, MCL 769.8; MSA 28.1080, and the holding by the Supreme Court in *People v Tanner,* 387 Mich 683, 690; 199 NW2d 202 (1972). We agree.

There exists a split of authority on this Court as to whether *Tanner* applies where, as in the instant case, a defendant previously convicted of crime is not charged as a habitual offender. Compare, *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), *People v Reginald Harris,* 80 Mich App 228; 263 NW2d 40 (1977), *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *People v Reese,* 83 Mich App 186; 268 NW2d 340 (1978), with *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977), *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978), *People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978).

The Supreme Court has applied the *Tanner* rule, without discussion, to cases in which the defendant had committed prior felonies. See, *e.g., People v Haggitt,* 388 Mich 377; 200 NW2d 321, and *People v Jordan,* 388 Mich 773; 200 NW2d 321 (1972).

In our opinion, the better view is that expressed in *Redwine* and its progeny.

MCL 769.13; MSA 28.1085 provides for the filing of supplemental informations by the prosecutor charging previous convictions. The filing of an information under the habitual criminal act by the prosecutor is discretionary. *People v Birmingham,* 13 Mich App 402; 164 NW2d 561 (1968). Prosecution as a habitual criminal may be instituted either in the first instance as a repeated offense, or by supplemental information following conviction of the second or subsequent offense.

Successful prosecution under the habitual criminal statute is necessary before the maximum sentence may be lengthened. Complex factual or legal arguments concerning the validity of the prior convictions could be relevant considerations. *People v Bonner,* 49 Mich App 153; 211 NW2d 542 (1973). The previous conviction must be set forth in detail in the initial or supplemental information and the prosecutor must prove the accused's identity as related to the former conviction. *In re Brazel,* 293 Mich 632; 292 NW 664 (1940).

As a panel of this Court recently said in *People v Reese, supra* at 189–190:

"The sentencing scheme is set out in Chapter IX of the Code of Criminal Procedure, MCL 769.1 *et seq.;* MSA 28.1072, *et seq.* Section 8,[5] the provision in question here, applies to those 'convicted for the first time'. Sections 10,[6] 11[7] and 12,[8] the habitual offender provisions, apply to defendant's second and subsequent convictions. However, before the habitual offender penal-

ties may be imposed, a defendant is entitled to the hearing and notice protections of § 13.[9] To remove a defendant from the benefits of the indeterminate sentencing provision without charging him in a supplemental information as a habitual offender is both unwise and unfair.

"The Legislature has created but two types of sentences—indeterminate and habitual—and, unless he is charged as a habitual offender, he must be sentenced as if he were 'convicted for the first time'. That this is the legislative intent can be seen from the final phrase of § 1[10]: ' * * * such sentence shall in *no case or respect* be greater than the penalty * * * prescribed * * * by law'. The people point to no statute authorizing the flat five year sentence as imposed here, without complying with the habitual offender provisions, and we have found none. Defendant must be sentenced under § 8 as interpreted by the Supreme Court in *People v Tanner*."

[5] MCL 769.8; MSA 28.1080.
[6] MCL 769.10; MSA 28.1082.
[7] MCL 769.11; MSA 28.1083.
[8] MCL 769.12; MSA 28.1084.
[9] MCL 769.13; MSA 28.1085.
[10] MCL 769.1; MSA 28.1072.

Since no one may be made to suffer the sentencing consequences resulting from second or third or fourth felony convictions without the filing of an information to that effect, it appears to this panel that the Legislature intended a criminal defendant to have the benefit of the indeterminate sentencing act, even in light of prior felony convictions, unless the prosecutor elects to charge the defendant as a repeat offender.

The lower court is affirmed with the sentence modified to 3-1/3 to 5 years.