PEOPLE v TEBEDO

Docket No. 48534. Submitted February 5, 1981, at Lansing.—Decided June 17, 1981.

Gary M. Tebedo pled guilty in Genesee Circuit Court to a charge of assault with intent to rob while armed and was sentenced to three years probation, Ollie B. Bivins, Jr., J. While on probation, defendant was charged with armed robbery and was subsequently convicted by a jury in Genesee Circuit Court and sentenced to 30 to 40 years in prison, Ollie B. Bivins, Jr., J. Defendant, as a result of his armed robbery conviction, was charged with probation violation and found guilty thereof based solely on his admission that he had been convicted of the armed robbery charge. Defendant's probation was revoked and he was sentenced to 26-1/2 to 40 years imprisonment on the assault with intent to rob while armed conviction. Defendant appealed his armed robbery conviction and the Court of Appeals reversed and remanded for a new trial, 81 Mich App 535; 265 NW2d 406 (1978). Following the reversal of the armed robbery conviction, defendant moved to set aside his guilty plea to the probation violation charge. The motion was denied, Ollie B. Bivins, Jr., J. Defendant appeals by leave granted on June 9, 1980. *Held:*

1. The only thing established at defendant's probation revocation hearing was that defendant had been convicted of armed robbery committed while he was on probation. No testimony was taken to establish the facts underlying the armed robbery charge nor did defendant admit to participating in an armed robbery. Without an independent finding of defendant's involvement in the armed robbery, the probation revocation has no basis on which to stand. Reversal of defendant's conviction on

REFERENCES FOR POINTS IN HEADNOTES
. [1-5] 21 Am Jur 2d, Criminal Law §§ 578, 579.
[6, 7] 46 Am Jur 2d, Judges §§ 179-181.
  Disqualification of judge by state, in criminal case, for bias or prejudice. 68 ALR3d 509.
  Disqualification of judge for having decided different case against litigant. 21 ALR3d 1369.

the armed robbery charge also requires reversal of the probation revocation based on that conviction.

2. Defendant's motion to disqualify the judge from hearing the motion to set aside the probation revocation should have been granted and, if such proceedings are again instituted and disqualification is sought, it should be granted.

The revocation of defendant's probation is reversed and the sentence imposed thereon is vacated.

BEASLEY, J., concurred in the result but wrote separately to clarify that he normally would not support disqualification of a judge just because the defendant has previously directed a racial slur at him, which the judge denies having heard. In this case, however, he concurs in the decision to disqualify only because the judge involved chose to disqualify himself from hearing the retrial of the armed robbery charge.

## OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION REVOCATION — STANDARD OF PROOF.

The standard of proof in a probation revocation hearing is less than in a regular criminal trial; where revocation is sought on the basis of a subsequent violation of the criminal law, there must be proof sufficient to allow the court to find by the preponderance of the evidence that the defendant committed the new offense.

2. CRIMINAL LAW — PROBATION REVOCATION.

Probation should not be revoked on the basis of a new offense unless each element of the offense is proven by a preponderance of the evidence.

3. CRIMINAL LAW — PROBATION REVOCATION — SEQUENCE OF PROCEEDINGS — BURDEN OF PROOF — PREPONDERANCE OF EVIDENCE — REASONABLE DOUBT.

A probation revocation hearing which is held prior to trial on a criminal offense which is the basis for the revocation is not rendered invalid by being held before the trial on the new charges, even if the defendant is subsequently acquitted of the charges, because the burden of proof at the revocation hearing is only that of a preponderance of the evidence, not proof beyond a reasonable doubt.

4. CRIMINAL LAW — PROBATION REVOCATION — REVERSAL OF UNDERLYING OFFENSE.

The subsequent reversal of a conviction of a criminal offense would not require vacation of a probation revocation which was

based on that offense if the testimony or the defendant's admissions at the revocation hearing were sufficient to establish by a preponderance of the evidence that the defendant committed the offense.

5. CRIMINAL LAW — PROBATION REVOCATION.

The subsequent reversal of a criminal conviction on which a probation revocation is based does not require reversal of the probation revocation if (1) at the revocation hearing defendant admitted facts sufficient to establish by a preponderance of the evidence that he committed the offense or (2) if testimony is presented at the revocation hearing which meets this same standard; however, if the only thing established at the hearing is that defendant was convicted of the offense, then reversal of that conviction requires reversal of the probation revocation as well.

6. JUDGES — DISQUALIFICATION OF JUDGES — COURT RULES.

A judge who is disqualified from presiding at a hearing involving a defendant on the basis of bias or prejudice should be disqualified from presiding at any future proceedings involving that defendant as long as the bias or prejudice remains, regardless of whether the proceedings involve questions of fact or only issues of law (GCR 1963, 912.2[2]).

CONCURRENCE BY BEASLEY, J.

7. JUDGES — DISQUALIFICATION OF JUDGES — COURT RULES.

*A motion to disqualify a trial judge should not be granted solely because the defendant directed a racial obscenity at the judge, which the judge subsequently denied having heard; however, where that judge disqualifies himself from one hearing on the basis of possible bias or prejudice against the defendant, he should also be disqualified from any further hearings against that defendant (GCR 1963, 912.2[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Terrance P. Sheehan,* for defendant on appeal.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

Per Curiam. On December 17, 1973, defendant pled guilty to a charge of assault with intent to rob while armed, MCL 750.89; MSA 28.284. He was subsequently sentenced to three years probation, with the first year to be spent in the county jail. While on probation, defendant was charged with armed robbery, MCL 750.529; MSA 28.797. He was convicted at a jury trial and sentenced to a prison term of from 30 to 40 years. After the armed robbery conviction, defendant was charged with violating his probation. Defendant was charged with violation of the statutory term prohibiting him from violating any criminal law of the State of Michigan. The formal charges stated both that defendant had committed the armed robbery and had been convicted thereof. On April 27, 1976, defendant was found in violation of his probation, based solely on his admission that he had been convicted of the armed robbery charge. Defendant did not admit to having been involved in an armed robbery nor were any witnesses presented to substantiate the charge. The trial court then revoked defendant's probation and sentenced him to a prison term of from 26-1/2 to 40 years on the assault with intent to rob while armed conviction.

Meanwhile, defendant appealed his armed robbery conviction and this Court reversed, holding that certain statements made by the defendant should have been suppressed as the fruits of an illegal arrest. *People v Tebedo*, 81 Mich App 535; 265 NW2d 406 (1978). The case was remanded for a new trial which has been adjourned on several occasions pending the outcome of the instant appeal. As a result of the reversal of his armed robbery conviction defendant moved to set aside his guilty plea to the probation violation charge.

This motion was denied and defendant now appeals by leave granted on June 9, 1980.

On appeal, defendant argues that the trial court erred in refusing to set aside the finding that he had violated his probation where the conviction on which that finding was based was subsequently reversed. This question has not been extensively discussed in this state. *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den* 402 Mich 835 (1977), appears factually similar. In *Biondo,* defendant was convicted of breaking and entering a business establishment while on probation from a prior conviction. As a result of the breaking and entering conviction, his probation was revoked. Defendant's appeal to this Court involved both the breaking and entering conviction and the probation revocation. Discussing the breaking and entering conviction first, the Court reversed on the basis of improper prosecutorial argument. The Court then added, without additional discussion: "The reversal of the breaking and entering conviction of necessity means that the resulting probation violation conviction is set aside". *Id.,* 160.

*Biondo* appears to stand for the proposition that when a defendant is found in violation of his probation on the basis of a conviction for a substantive criminal offense and that conviction is subsequently reversed, the defendant is entitled to have the probation revocation reversed as well. Analysis of other probation revocation cases reveals, however, that this is not always the case. The standard of proof in a probation revocation hearing is less than in a regular criminal trial. When revocation is sought on the basis of a subsequent violation of the criminal law, there must be proof sufficient to allow the court to find by the *preponderance of the evidence* that defendant com-

mitted the new offense. *People v Buckner,* 103
Mich App 301; 302 NW2d 848 (1980), *People v
Billy Williams,* 66 Mich App 67; 238 NW2d 407
(1975). There must be sufficient proof on each
element of the offense. *People v Pippin,* 316 Mich
191; 25 NW2d 164 (1946). Because the standard of
proof is lower than the reasonable doubt standard
employed in a criminal trial, probation may be
revoked before the trial on the substantive offense,
and a decision to revoke probation will be valid
even if the defendant is ultimately acquitted of the
substantive crime. *People v Morgan,* 85 Mich App
353; 271 NW2d 233 (1978). See *People v McDonald,*
97 Mich App 425; 296 NW2d 53 (1980), *People v
Nesbitt,* 86 Mich App 128, 136; 272 NW2d 210
(1978), and *People v Baines,* 83 Mich App 570; 269
NW2d 228 (1978), *lv den* 408 Mich 861 (1980). For
the same reasons, the subsequent reversal of a
conviction on a criminal offense would not require
vacation of a probation revocation which was
based on that offense if the testimony or the
defendant's admissions at the revocation hearing
were sufficient to establish by a preponderance of
the evidence that the defendant committed the
offense.

In the instant case, no testimony was taken to
establish the facts underlying the armed robbery
charge. Nor did defendant admit to participating
in an armed robbery. The only thing defendant
admitted was that he had been convicted by a jury
of armed robbery. Based on this admission, the
trial court revoked defendant's probation "because
he was convicted of Armed Robbery on March the
18th, 1976, in Genesee County, Michigan". Cer-
tainly, probation may be revoked on the basis of
the fact that a defendant has been convicted of a
subsequent criminal offense. Evidence of the con-

viction actually supplies greater proof than necessary, since it represents that defendant was found to have committed a criminal offense "beyond a reasonable doubt" instead of by a "preponderance of the evidence". Where the sole basis for revoking probation is evidence of conviction, however, and where that conviction is subsequently reversed, there is no longer a reliable basis on which to rest the probation violation. Although it could be argued that defendant's participation in the criminal offense was found beyond a reasonable doubt regardless of the reversal, the effect of the reversal is, in general, to cast doubt on the reliability of that finding. Without an independent finding of defendant's involvement in the offense, as might have resulted if defendant admitted participation in the robbery or if a witness had testified to the underlying facts, the probation revocation has no basis on which to stand.

To summarize, the subsequent reversal of a criminal conviction on which a probation revocation is based does not require reversal of the probation revocation if (1) at the revocation hearing defendant admitted facts sufficient to establish by a preponderance of the evidence that he committed the offense, or (2) if testimony is presented at the revocation hearing which meets this same standard. If the only thing established at the hearing is that defendant was convicted of the offense, then reversal of that conviction requires reversal of the probation revocation as well.

Because the prosecution may seek to reinstitute probation revocation proceedings against the defendant on the basis of conduct occurring during the probationary period, we will briefly address one further issue raised by the parties. After this Court's reversal of defendant's armed robbery con-

viction, defendant moved to disqualify the judge
from presiding at his retrial on the basis of GCR
1963, 912.2(2). The motion was ultimately granted.
Defendant then sought to disqualify the same
judge from hearing his motion to set aside the
probation revocation. This motion was denied on
the basis that questions of fact were involved in
the armed robbery retrial (which was to be a
bench trial) while only issues of law were involved
in the motion to set aside the probation revoca-
tion. We find no support for such a distinction.
Accordingly, this judge should disqualify himself
from hearing the matter of defendant's probation
revocation if such proceedings are again instituted
and if disqualification is sought. In all other pro-
ceedings which might arise in the future regarding
this defendant in which disqualification of this
judge is sought, the judge should focus on the
question of whether grounds for disqualification
still exist rather than on the nature of the pro-
ceedings.

The revocation of defendant's probation is re-
versed and the sentence imposed thereon is va-
cated.

Reversed.


BEASLEY, J. *(concurring)*. I concur in the result
reached by the majority but write regarding defen-
dant's motion to disqualify the trial judge.

In 1974, this defendant attempted to escape
from custody in the courtroom immediately follow-
ing sentence[1] by Judge Ollie B. Bivins of the
Genesee County Circuit Court. At a subsequent
hearing, defendant and two other witnesses testi-
fied that during this escape attempt defendant

---

[1] Defendant was sentenced to three years probation, with the first
year to be spent in the county jail.

directed a racial obscenity at the trial judge. The trial judge subsequently denied hearing it.

I write to indicate that I would not permit a litigant to accomplish disqualification of a trial judge under this type of circumstance. However, in this case, the trial judge subsequently, at a 1978 disqualification hearing, chose to grant a motion to disqualify himself from hearing a nonjury retrial[2] of this defendant.

Only because the trial judge involved chose to disqualify himself from hearing the retrial do I concur in this decision to disqualify him from a further probation revocation hearing, if there is one.

---

[2] See, *People v Tebedo,* 81 Mich App 535; 265 NW2d 406 (1978).