**Charles D. EDWARDSEN, Petitioner,**

v.

**Ramon L. GRAY, Respondent.**

**No. 71–C–653.**

United States District Court, E. D. Wisconsin.

Nov. 29, 1972.

Cheryl Rosen, Madison, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER.

TEHAN, District Judge.

This petition for issuance of the writ of habeas corpus challenging the validity of judicial proceedings on revocation of probation is before the court on the pleadings, record of the state court proceedings, and briefs and oral argument of counsel.

The record shows the following history of proceedings in the state courts. On July 24, 1970, while petitioner was on parole from the Wisconsin State Prison and on probation granted on July 21, 1970, by Judge Max Raskin, of the Milwaukee County Circuit Court, he pleaded guilty to two counts of burglary in the Washington County Court, the Honorable Robert J. Stoltz, presiding, and was sentenced to two consecutive five year terms of imprisonment. However, execution of the sentences was stayed and petitioner was placed on probation for a period of nine years.

On September 28, 1970, petitioner was arrested in Milwaukee on a charge of assaulting an officer. He was placed on a probation hold two days later, and the probation granted by the Washington County Court was revoked on October 30, 1970, following administrative proceedings.

Thereafter, petitioner initiated state habeas corpus proceedings challenging the validity of revocation of probation. On January 29, 1971, the Milwaukee County Circuit Court granted relief on the petition, but stayed execution of its order for a period of ten days to enable the Washington County Court to hold a hearing on the charges of violations of the conditions of probation.

Following evidentiary hearing in the Washington County Court, Judge Stoltz entered an order on March 24, 1971, again revoking petitioner's probation and executing the originally stayed sentence of two consecutive five year terms of imprisonment.

The revocation of probation proceedings before Judge Stoltz held as a consequence of the unappealed ruling on petition for habeas corpus in the Milwaukee County Circuit Court may be characterized as sui generis. There is no statutory authorization or constitutional requirement for judicial hearing in case of revocation of probation granted on a conviction by the Washington County Court. Further, it appears that there is no presently available state corrective process for review of these sui generis proceedings.

Petitioner contends that the judicial proceedings on revocation in which he was represented by appointed counsel were fundamentally unfair because the presiding judge had an interest in the outcome of the litigation and prejudged the case. Further it is submitted that there was a denial of due process because said judge ignored the standard of evidence he defined for the proceedings; there was no evidentiary basis in support of his findings of violations and determination of revocation, and because he prejudicially considered matters outside the scope of the hearing.

*Disqualification of judge.*

Noncompliance, if any, with Wisconsin statutory provisions for disqualification of the presiding judge on application of the petitioner in the state judicial revocation proceedings is a matter of state law that does not raise a federal constitutional issue.

The question of disqualification on constitutional grounds must be viewed in light of the background, nature and conduct of the proceedings. Review of the sentencing proceedings on July 24, 1970, discloses that Judge Stoltz had grave reservations concerning the grant of probation in petitioner's case because of his prior record and of the uncertainty concerning placement in a work and school program, place of residence and the availability and resort to psychological and psychiatric aid. The grant of probation was made subject to the following express conditions:

"That the defendant absolutely and completely abstain from the use of alcoholic beverages including beer, violate no law, remain gainfully employed except for conditions beyond his control, and report back to this Court on Monday, September 21 at 4:00 P.M. or as soon thereafter as he is able to be here, delayed only because of the necessity to appear in Court in Milwaukee with the same kind of a summary expected by Judge Raskin on that date, and subject to any other conditions that might be imposed upon this defendant during the course of his probation, depending upon his circumstances and behavior and attitude at the time." [1]

When petitioner did not appear at the September 21 hearing before Judge Stoltz, his attorney advised the court that he had just previously been informed that petitioner was not in jail, but free in Milwaukee; that he was to appear before Judge Raskin together with the supervising agents on September 28, and that he would then be directed by Judge Raskin's bailiff, who was to act as "senior counselor" to petitioner, to appear in Judge Stoltz's court thereafter. The matter was then adjourned to September 28, 1970. [2]

At the September 28, 1970 hearing, at which petitioner again did not appear, it was confirmed that no proceedings had taken place before Judge Raskin on that day or on September 21, 1970. Petitioner's counsel surmised that petitioner may have believed that it was his duty to report to Judge Stoltz after he had reported to Judge Raskin and the judge questioned whether there may have been reason to believe "that the failure to appear was of an excusable nature because of the confusion within the judicial system, or the operation of the courts at least in Milwaukee." The court then ordered issuance of a capias but told counsel that if he could locate petitioner and get him to voluntarily agree to appear the following Monday, and if counsel would so assure the clerk, he would direct withholding execution of the capias. [3]

1. Judgment of Conviction, Sentence Imposed and Stayed, Probation Ordered, County Court, Washington County, File 1057C, dated July 24, 1970.

2. Transcript, Proceedings, Washington County Court, September 21, 1970, pp. 55–57.

3. Transcript, Proceedings, Washington County Court, September 28, 1970, pp. 58–62.

In view of petitioner's arrest on another charge on September 28, 1970, and the subsequent administrative revocation for violation of the conditions of probation based, inter alia, on his failure to appear before Judge Stoltz on September 21, 1970, there was no return on the capias.

At the commencement of the judicial revocation hearing before Judge Stoltz on February 5, 1971, held pursuant to the order of the Milwaukee County Circuit Court, before the filing of formal charges of violations of probation, the judge preliminarily took up the matter of petitioner's failure to appear before him on September 21, as though the proceedings were in the nature of a return on the capias. At that time he made a determination that petitioner had furnished no plausible excuse for the failure to appear on said date, but he reserved decision on the determination of revocation subject to further submission of evidence and argument on behalf of the parties.

At subsequent adjourned hearings, after the filing of formal charges of violations of the conditions of probation, the judge took further evidence in the case, found violations in two out of five charges and determined that said violations warranted revocation of probation.

Petitioner contends that disqualification of Judge Stoltz was constitutionally required because one of the charges of violations of the conditions of probation related to petitioner's failure to appear before him on September 21, 1970.

Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) and In re Dellinger, 461 F.2d 389 (7th Cir. 1972), are inapposite because they involved personal affronts to the presiding judge bearing on his ability to remain impartial on the trial of the charges based thereon. Petitioner's failure to appear at the September 1970 hearings cannot be considered such an affront to Judge Stoltz that it would necessarily impair his ability to fairly hear and determine the alleged violation based thereon.

It was held in In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), that a judge who had acted as a one-man grand jury and later tried and convicted a witness for contempt for refusal to answer questions propounded by him, had such an interest in the outcome of the litigation that a trial before him constituted a denial of due process without a showing of actual bias. The court noted that an interest giving rise to the "probability of unfairness" cannot be precisely defined, but must be determined on consideration of circumstances and relationships. In re Murchison, *supra*, at 136, 75 S.Ct. 623.

The sentencing at which Judge Stoltz granted probation conditioned, inter alia, on petitioner's subsequent appearance before him, does not have the accusatory aspects of the single judge grand jury proceedings underlying the contempt trial in *Murchison*. However, the issuance on Judge Stoltz's own motion of the capias for petitioner's arrest, on a complaint for "willful violation of a court order to appear on the 21st and 28th day of September 1970" [4] and the treatment of the revocation hearing as a return on the capias introduced an accusatory and prosecutorial aspect into the proceedings beyond that presented by the fact that one of the charged violations was petitioner's failure to appear before the judge on September 21, 1970.

Under these circumstances a serious question arises whether the *Murchison* standard of " 'justice must satisfy the appearance of justice.' Offutt v. United States, 348 U.S. 11, 14 [, 75 S.Ct. 11, 99 L.Ed. 11]." was met in the proceedings. In my opinion, the "appearance of justice" would have been better served had Judge Stoltz granted petitioner's motion to disqualify himself from proceeding with the revocation hearing on the ground that he had an

---

4. Writ of Capias, Washington County Court, Case #1057C, issued September 28, 1970.

interest in the litigation, particularly where he made a preliminary determination on the return of the capias that petitioner had failed to offer a "plausible" excuse for his nonappearance even though the record shows that he in fact provided counsel opportunity for further submission of evidence and argument before making a final determination of revocation of probation.[5]

*Fairness of the hearing.*

After thorough review of the transcripts of all proceedings had before Judge Stoltz, it is my opinion that there was error affecting the fundamental fairness of the revocation hearing in the court's consideration of the events of September 28, 1970, that is, petitioner's arrest on a charge of assaulting a police officer incidental to an altercation at a tavern at which petitioner was personally injured. Although no charge of violation of probation was based on these events, criminal proceedings arising therefrom were pending without final resolution at the time of the revocation hearing.

It appears from Judge Stoltz's final decision that he believed the events of September 28 were relevant on the question whether or not petitioner's failures to appear were "honest mistakes." He noted that petitioner had spent some time in a tavern, that there was a restriction on drinking, and that although petitioner denied drinking, that he did not believe him. It is clear that the judge's consideration of these events of

which he was aware from the commencement of the revocation hearing bore heavily on his determination not to credit any of petitioner's testimony.[6]

**██ ██** Ordinarily, the sufficiency of the evidence in a state hearing does not present a federal constitutional question. However, Judge Stoltz's inferential finding that petitioner had failed to offer a plausible explanation for his nonappearances rests substantially on the total rejection of petitioner's testimony. This crucial credibility determination, in turn, rests on matters outside the scope of the charges of violations of probation. Under these circumstances, it was error to consider the events of September 28 in conjunction with the other charged violations, or having been aware of these events, to deny the motion to postpone decision in the revocation case until final disposition of the pending criminal proceedings which, it is noted, resulted in petitioner's acquittal of the charge of assaulting a police officer.

In summary, the court concludes that the circumstances of the judicial revocation proceedings in petitioner's case, that is, the failure of the presiding judge to disqualify himself, and particularly the consideration of matters outside the charges, show such impairment of the fundamental fairness of the proceedings resulting in revocation and in execution of the previously stayed sentences of imprisonment as to constitute a violation of petitioner's right to due process of law.

5. Although not controlling here because of its prospective application, Morrissey v. Brewer, 408 U.S. 471, 486, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) provides that an "independent decisionmaker," rather than a person involved in the case, is to perform the preliminary function of evaluating whether or not reasonable cause exists to believe that conditions of parole have been violated. See also Clarence Ward, Petitioner v. Village of Monroeville, Ohio, decided November 14, 1972, (41 LW 4011) 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed. 2d 267.

6. A comparison of the transcripts of proceedings on September 21 and 28, 1970, before petitioner's arrest, with those of the revocation hearing of February and March 1971 reveals a marked change in tenor. The September 21 hearing was adjourned without issuance of a capias; the responsibility for notifying petitioner of the adjourned hearing was placed on Judge Raskin's bailiff. It is undisputed that petitioner had no notice of the adjourned hearing of September 28 and that no hearing was held before Judge Raskin on that date. No reference to the colloquies of the September 1970 proceedings was made on the revocation hearing.

Now, therefore, it is ordered that

1. The order of the Washington County Court of March 24, 1971, revoking probation and executing the sentences of imprisonment is vacated.

2. Petitioner be restored to the status of probationer unless he is afforded a new hearing on the charges of violations of the conditions of probation no later than December 13th, 1972.