PEOPLE v BAINES

Docket No. 30299. Submitted November 1, 1977, at Grand Rapids.—
Decided April 4, 1978.

Erick C. Baines was charged with armed robbery and carrying a
concealed weapon and pled guilty to assault with intent to rob
being armed and on March 26, 1974, was placed on probation
for four years. On October 25, 1975, defendant was arrested
again for armed robbery and carrying a concealed weapon.
Probation violation proceedings were instituted and at the
outset defense counsel pointed out that the underlying charges
were pending against the defendant and argued that not to
delay the revocation hearing until the underlying criminal
prosecution had been culminated would result in the defend-
ant's being placed in double jeopardy. The Detroit Recorder's
Court, Joseph A. Gillis, J., refused to delay the revocation
hearing, noting that no trial date had been scheduled, and
revoked the defendant's probation. Defendant appeals. *Held:*

The defendant's rights against self-incrimination were not
prejudiced by the trial court's refusal to delay the revocation
proceeding until the culmination of the trial on the underlying
charges where the prejudice feared to the defendant's right not
to incriminate himself did not materialize in that the defend-
ant took the stand at the hearing and denied all involvement in
the underlying crimes and, further, the underlying charges
were not resolved by a subsequent trial but by a plea of guilty.

Affirmed.

CRIMINAL LAW—PROBATION VIOLATION—CONSTITUTIONAL LAW—SELF-
INCRIMINATION—REVOCATION HEARING—PLEA OF GUILTY.

A criminal defendant who was on probation and while on proba-
tion was charged with armed robbery and carrying a concealed
weapon, and because of those charges was also charged with
violation of probation, did not have his Fifth Amendment
rights violated by the trial court's refusal to postpone his
probation revocation hearing pending the disposition of the
underlying criminal charges where the prejudice feared, deter-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 349 *et seq.,* 562–568.

rence from testifying at the revocation hearing, was never realized because the defendant testified at length at the hearing, denying all involvement in the crimes charged and where the underlying charges were not resolved by a subsequent trial but by a plea of guilty; however, the trend of authority in this area would seem to indicate that a delay of the revocation proceeding until after trial on the underlying criminal charges normally would be preferable.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant, who had been charged with armed robbery and carrying a concealed weapon, pled guilty to assault with intent to rob being armed, MCLA 750.89; MSA 28.284, and on March 26, 1974, he was placed on probation for four years. On October 25, 1975, while on probation, defendant was arrested again for armed robbery and carrying a concealed weapon. As a result, probation violation proceedings were instituted with defendant's arraignment on August 26, 1976, and resumed on September 6, 1976. At the outset of the probation violation hearing, defense counsel pointed out that charges of armed robbery and carrying a concealed weapon—the same charges which formed the basis of the probation violation charge—were pending against the defendant. Defense counsel argued that not to delay the revocation hearing until the underlying criminal prosecution had been culminated would result in the defendant's being placed in double jeopardy. Not-

ing that no trial date had yet been scheduled, the trial court refused to delay the revocation hearing. Probation was revoked and defendant now appeals.

The issue, more artfully framed on appeal, is whether the trial court's refusal to adjourn the probation revocation hearing pending disposition of the underlying criminal charge violated defendant's Fifth Amendment right against self-incrimination.

This issue is not easily resolved. The dilemma it poses has been stated as follows:

"When the state holds a revocation hearing initially, therefore, a criminal trial in some cases properly may follow. The possibility of such a subsequent trial forces the defendant to decide whether to present a defense at the revocation hearing. Since, at the criminal trial, the state may be able to use evidence that the defendant presents at the initial proceeding, the defendant is confronted with the choice of either producing evidence at the revocation hearing and thus providing the state with incriminating evidence, or not producing evidence and thus forgoing a valuable defense. For example, suppose the state's only evidence that the defendant was at the scene of the crime is hearsay, and therefore admissible at the revocation hearing but inadmissible at trial. In this situation, the defendant will undoubtedly be forced either to forgo a defense at the revocation hearing (such as, 'He hit me first') or provide one that can later be used by the state to establish a critical element of its case. Forcing him to so choose suggests a possible infringement of the defendant's privilege against self-incrimination." Note, *Revocation of Conditional Liberty for the Commission of a Crime: Double Jeopardy and Self-Incrimination Limitations,* 74 Mich L Rev 525, 536–537 (1976).

While the trend of authority on this question would seem to indicate that a delay of the revoca-

tion proceedings would normally be preferable,[1] we need not anticipate the bent of our Supreme Court on the issue. The prejudice feared, deterrence from testifying at the revocation hearing, was never realized here. This defendant testified at length at the hearing, denying all involvement in the crime charged. Further, here the underlying charges were not resolved by a subsequent trial but by a plea of guilty. For these reasons, we affirm.

[1] The American Bar Association's *Standards Relating to Probation* (Approved Draft, 1970), § 5.3 provides: "A revocation proceeding based solely upon commission of another crime ordinarily should not be initiated prior to the disposition of that charge." The commentary points out that a prior revocation hearing with its lower standard of proof and concomitantly greater incentive to present an active defense might "compromise" the privilege against self-incrimination. *Id.,* at 63. The Model Penal Code would go further and require a conviction before probation can be revoked for that crime. Model Penal Code, § 301.3, Comment (Tent. Draft No. 2, 1954), pp 150–151. The California Supreme Court, for one, has banned the use of probation revocation hearing testimony in a later criminal trial; the court was acting in its supervisory capacity but the self-incrimination problem was the reason for the rule. *People v Coleman,* 13 Cal 3d 867; 120 Cal Rptr 384; 533 P2d 1024 (1975).