PEOPLE v NESBITT

PEOPLE v KENDRICK

PEOPLE v WOODWARD

Docket Nos. 30707, 77-1810, 77-2024. Submitted May 10, 1978, at Detroit.—Decided October 2, 1978.

Darrell E. Nesbitt, Isaac Kendrick, and Romelle Woodward were each convicted, on their pleas of guilty, of larceny from a person and placed on probation. Each defendant was subsequently charged with other criminal activity and had his probation revoked based on those charges, Recorder's Court of Detroit, Joseph A. Gillis, J. The defendants appeal separately, and the appeals were consolidated by the Court of Appeals for hearing. Defendant Nesbitt challenges the validity of his original guilty plea. Defendants Kendrick and Woodward allege that holding the probation revocation hearings prior to the trials on the charges which gave rise to the revocation proceedings violated their rights to remain silent, that basing a revocation on a subsequent violation of the law before disposition of the criminal charge is contrary to statute, and that the lower court erred in not making specific written findings of fact. Woodward also claims that he was denied due process because the judge was not a neutral and detached hearing body and that the court erroneously relied on prejudicial material in his presentence report. *Held:*

1. Nesbitt's issues on appeal are not properly before the Court. The appeal of right following a probation revocation and sentencing is limited to matters relating to the probation violation and the hearing thereon.

2. Defendants Kendrick and Woodward were not deprived of their right to remain silent by the holding of the probation

References for Points in Headnotes

[1, 2, 4-7, 9, 10] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

[3] 21 Am Jur 2d, Criminal Law § 219.

[8] 21 Am Jur 2d, Criminal Law § 527.

revocation hearings prior to the trials on the charges which gave rise to the revocation proceedings. Both defendants testified at the revocation hearings in their own behalf and were not, therefore, deterred by the possible threat of the use of their testimony in the subsequent trials. Also, neither defendant claimed the privilege to remain silent, therefore the Court of Appeals has no occasion to determine whether there was a valid waiver of the privilege.

3. It is not necessary, to satisfy the statute relating to revocation of probation, to dispose of the charges of a subsequent violation of law before revoking probation based on those charges. The standard of proof at a probation revocation proceeding is lower than that in a criminal trial.

4. Although the lower court did not make specific written findings of fact, the entire probation revocation hearing is transcribed, and from the record it is clear that the judge resolved the factual question of the defendants' participation in the subsequent offenses.

5. The mere fact that the same court which has placed a defendant on probation also conducts a hearing on a petition to revoke that probation does not deprive the defendant of a "neutral and detached hearing body" in violation of due process of law.

6. The lower court did not err in considering the material in defendant Woodward's presentence report. The defendant did not deny the report of his involvement in a prior similar criminal incident, but attempted to explain it, thus the court was presented with the defendant's side of the story.

Affirmed.

D. C. RILEY, J., concurred separately. She agreed that the question of whether a defendant's right to remain silent is violated by holding a probation revocation hearing prior to disposition of the charges giving rise to the revocation proceedings should wait for a more appropriate case. Judge RILEY agrees with the result reached by the majority only because the standard of proof in a probation violation hearing is lower than that in a trial. She would not, however, agree with language of the majority which may appear to foreclose the consideration of the issue relating to the sequence of the proceedings.

OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—APPEAL OF RIGHT—PROBATION VIOLATION.

An appeal as of right following a determination of probation

violation and sentencing must necessarily be limited to those matters relating to the probation violation and the hearing thereon.

2. CRIMINAL LAW—PROBATION REVOCATION—RIGHT TO REMAIN SILENT —SEQUENCE OF PROCEEDINGS.

A defendant's right to remain silent was not violated by holding a probation revocation hearing prior to the trial on the offense which was the basis for revoking probation where the defendant took the stand at the revocation hearing and testified in his own behalf; the defendant was not deterred by the possible threat of the use of that testimony in the subsequent trial.

3. APPEAL AND ERROR—CRIMINAL LAW—RIGHT TO REMAIN SILENT— WAIVER.

The Court of Appeals will not determine whether or not a defendant voluntarily waived his right to remain silent where the privilege was not claimed in the trial court.

4. CRIMINAL LAW—PROBATION REVOCATION—SUBSEQUENT OFFENSE— SEQUENCE OF PROCEEDINGS.

A proceeding to revoke probation is not a new criminal prosecution, but merely a hearing to determine whether a defendant is entitled to continue on probation; where revocation of probation is sought because the defendant has been charged with commission of an offense subsequent to being placed on probation it is not necessary to delay the revocation hearing until after disposition of the charges on the subsequent offense.

5. CRIMINAL LAW—PROBATION REVOCATION—SEQUENCE OF PROCEED-INGS—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE—REASONABLE DOUBT.

A probation revocation hearing which is held prior to trial on a criminal offense which is the basis for the revocation is not rendered invalid by being held before the trial on the new charges, even if the defendant is subsequently acquitted of the charges, because the burden of proof at the revocation hearing is only that of a preponderance of the evidence, not proof beyond a reasonable doubt.

6. CRIMINAL LAW—PROBATION REVOCATION—FINDINGS OF FACT—DUE PROCESS—COURT RULES.

A trial court satisfied the requirements of due process and court rules regarding findings of fact in a probation revocation hearing where, although no written findings of fact were made, the entire hearing was transcribed and where it is clear from the record that the court resolved the factual question of the

defendant's participation in an offense which was the basis for the revocation (GCR 1963, 517.1).

7. Criminal Law—Probation Revocation—Court.

A trial court which has placed a defendant on probation is not precluded, simply by that fact, from conducting the hearing on a petition to revoke probation.

8. Criminal Law—Sentencing—Presentence Report—Prejudice.

A trial court did not erroneously rely on material in a presentence report when sentencing a defendant where, in rebuttal to defense counsel's assertion that defendant had no previous trouble with the law, the court pointed out a previous criminal incident from the presentence report, and the defendant did not further object to this matter, but attempted to explain it.

CONCURRENCE BY D. C. RILEY, J.

9. Criminal Law—Constitutional Law—Probation Revocation—Right to Remain Silent.

*It is not necessary to reach the question of whether a defendant's right to remain silent was violated when his probation revocation hearing was held prior to trial on the charge which gave rise to the revocation proceedings where the defendant did not assert a Fifth Amendment claim either at the revocation hearing or at the subsequent trial, but instead chose to testify (US Const, Am V).*

10. Criminal Law—Appeal and Error—Probation Revocation—Right to Remain Silent.

*The Court of Appeals, in holding that on the facts of a particular case a defendant's right to remain silent was not violated by the holding of a probation violation hearing prior to the trial on the charge which gave rise to the revocation proceedings, should not extend the holding by including language which may appear to foreclose the consideration of the issue relating to the sequence of the two proceedings in a proper case.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan, Prosecuting Attorney, Edward R. Wilson,* Principal Attorney, Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney (in Kendrick), and *Robert A. Reuther,* Assistant Prosecuting Attorney (in Woodward), for the people.

*George Stone,* for defendant Nesbitt on appeal.

*Thomas A. Law,* for defendant Kendrick on appeal.

*Gerald S. Surowiec,* for defendant Woodward on appeal.

Before: CYNAR, P.J., and T. M. BURNS and D. C. RILEY, JJ.

T. M. BURNS, J. This appeal involves three cases consolidated by the Court for purposes of review. Each of the defendants pled guilty to a charge of larceny from a person, MCL 750.357; MSA 28.589, in 1974[1] and was placed on three years probation. In each case probation was revoked because subsequent criminal charges were brought against the defendant. Each defendant now appeals by right from the revocation of probation based on subsequent criminal activity.

### Appeal of Nesbitt

### No. 30707

Nesbitt was served with a notice of violation of probation after he was arrested for a breaking and entering in August of 1976. A hearing on the petition to revoke probation was held on September 1 and 21 of 1976. At the conclusion of the hearing, the court determined that a violation of one of the conditions of probation had occurred and probation was revoked. Defendant was subse-

---

[1] The charges against each of the defendants were based on a single incident. After a mistrial each defendant pled guilty to the offense noted. Kendrick pled guilty at the same time as the other defendants, but his plea was not accepted until January 16, 1975, so that a term of probation for still another offense could expire before a conviction in this case was entered.

quently sentenced to a term of nine months to ten years.

The only issues raised in this appeal relate to the validity of the original guilty plea in 1974. In *People v Pickett,* 391 Mich 305, 316-317; 215 NW2d 695 (1974), the Court held:

" * * * that the appeal as of right following determination of probation violation and sentence must necessarily be limited to those matters relating to the probation violation and the hearing thereon. We have given defendant the opportunity to raise any questions concerning his trial on his first appeal as of right. To allow him to raise trial related matters on this second appeal would, in effect, be granting two rights of appeal to the same final determination and make the 60-day requirement of GCR 1963, 803.1 in taking an appeal as of right meaningless. See, *People v Nordstrom,* 73 Ill App 2d 168; 219 NE2d 151 (1966); *Gossett v State,* 282 SW2d 59 (Tex Crim App, 1955)."

The issues that defendant attempts to raise are not properly before the Court. The revocation of probation is affirmed.

### *Appeals of Kendrick and Woodward*
### Nos. 77-1810 and 77-2024

The appeals of Kendrick and Woodward are factually related and may be considered together. In each of these cases the alleged violation of probation involves several charges of criminal sexual conduct. Defendants were served with notice of the violation and a petition to revoke after the preliminary exam on the criminal sexual conduct charges. Defendants raised several objections to proceeding with the revocation hearing before the trial on the criminal sexual conduct charges and before the judge who had placed them on proba-

tion. The objections were denied and a hearing scheduled.

Before the hearing began the objections to proceeding at that time and before that judge were renewed and again denied. The only evidence of a violation of a condition of probation was provided by the complaining witness in the criminal sexual conduct case. She testified about the events surrounding those offenses and identified each of these defendants as a participant.

Each of the defendants was then allowed to present his case. Each took the stand and denied any involvement in the offense. Each claimed to have been somewhere else.

At the conclusion of the testimony, the trial court did not make specific findings of fact. However, he did announce his intention to revoke probation. Probation was then revoked and each defendant was subsequently sentenced to serve six to ten years in prison.

# I

Kendrick and Woodward both claim that it is a violation of their right to remain silent[2] to proceed with the revocation hearing before the trial on the underlying offense and that they did not properly waive that right at the hearing in this case.

We resolve the first point in the same manner as the panel did in *People v Baines,* 82 Mich App 438; 266 NW2d 839 (1978). The basis of the argument is that defendant will be deterred from testifying at the revocation proceeding[3] because anything he

---

[2] US Const, Am V; Const 1963, art 1, § 17.

[3] Kendrick's attorney states the problem in these terms: "During the hearing, the defendant was forced to testify in his own behalf in order to defend himself against the charges, and consequently, had to relinquish his constitutional right to remain silent *at the trial on the new charges."* (Emphasis added.)

says in that proceeding could be used at the subsequent trial. We recognize that a problem can exist when defendant is forced to make a "double defense" by holding the revocation proceeding first. However, in this case each defendant did take the stand and testify in his own behalf. They were not deterred by the possible threat of the use of that testimony in their subsequent trial. If the defendants' revocation hearing testimony is used at the subsequent trial, that would be the appropriate proceeding at which to consider this question.

The defendants' second point in this issue must also be rejected. Both defendants were represented by counsel at the revocation proceeding and both testified without claiming that to do so would violate their privilege. Since the privilege was not claimed, we have no occasion to determine if it was voluntarily waived. *People v Hunley,* 63 Mich App 97; 234 NW2d 169 (1975).

## II

Both defendants also contend that it is contrary to the statute regulating revocation of probation, MCL 771.4; MSA 28.1134, to base revocation of probation on a subsequent violation of the law[4] before the criminal charge is disposed of by trial or plea.[5]

---

Woodward's attorney argues: "The defendant is forced to relinquish this right prior to his trial and/or conviction to defend himself in the probation hearing. If he does not testify, without question he would be violated and remanded."

[4] By statute, each order placing a defendant on probation requires as a condition for continued probation that the probationer not violate any criminal law of the state or ordinance of any municipality in the state. MCL 771.3; MSA 28.1133.

[5] The ABA *Standards Relating to Probation* (Approved Draft, 1970), § 5.3 suggests that revocation based solely on new criminal conduct should be postponed until the new charge is disposed of. Neither our Supreme Court or any panel of this Court has adopted this standard.

We decline to accept defendants' construction of the statute. The proceeding to revoke probation is not a new criminal prosecution, but merely a hearing to determine whether defendant is entitled to continue on probation. One or the other proceeding must come first, and as another panel of this Court has noted, there is no reason why it cannot be the revocation hearing. *People v Eric Baines,* 83 Mich App 570; 269 NW2d 228 (1978). Indeed, the substantial weight of authority holds that it is not necessary to delay a probation or parole revocation hearing merely because criminal proceedings are pending against the probationer arising out of the acts for which revocation is sought. See cases collected in Anno: 36 L Ed 2d 1077, § 18(a), 1105–1106.

The record in this case shows that defendant Kendrick was subsequently convicted of the charged offenses. The record does not show the disposition of the charges against Woodward. But, even if he was acquitted, because of the different burden of proof (preponderance of the evidence, not beyond a reasonable doubt, *People v Miller,* 77 Mich App 381; 258 NW2d 235 [1977]), the prior revocation proceeding would not be invalidated. *People v Baines, supra.* See also, Anno: 76 ALR3d 564, § 2.

The statute requires the revocation hearing to be "summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials". MCL 771.4; MSA 28.1134. It would be inconsistent with the expressed terms of the statute to require the prosecution to show defendant's guilt beyond a reasonable doubt on the new offense in a separate trial before proceeding to revoke defendant's probation based on that conduct. There was no error in holding defendants'

revocation hearing before disposing of the new criminal charges.

## III

Both defendants also challenge the fact that the trial court did not make written findings of fact, as required by the due process clause, or a specific finding of fact as required by GCR 1963, 517.1.

We first examine the constitutional claim. In *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the Court adopted certain minimum due process standards for probation revocation proceedings. Among the stated requirements is "a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole". 411 US at 786.

However, the Court did not intend to establish an inflexible structure for probation revocation proceedings. *People v Blakely,* 62 Mich App 250, 254; 233 NW2d 523 (1975). The purpose of the written statement is to allow a reviewing court to determine whether there was a factual basis for revocation and provide the probationer with a record of the proceeding so that a second revocation proceeding could not be based on the same conduct. *Kartman v Parratt,* 535 F2d 450 (CA 8, 1976). In Michigan the entire probation revocation hearing is transcribed. Therefore, we conclude that if the court adequately complies with GCR 1963, 517.1 the due process standard will have been met. See, *State v Fry,* 15 Wash App 499; 550 P2d 697 (1976).

In *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973), the Court held that GCR 1963, 517.1 is applicable to criminal as well as civil proceedings and that where the trial court does not comply

with the rule the appropriate remedy is to remand for further factfinding, not reversal. We hold the rule is also applicable to revocation proceedings, although they are not, strictly speaking, criminal prosecutions.

The limitations on remand are also applicable. In *Jackson,* the Court stated:

"A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result as, for example, where the only factual issue is identification. *See People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). *See, also, People v George Scott,* 21 Mich App 217–218; 175 NW2d 312 (1970)." 390 Mich at 627, n 3.

Here the trial court did not make specific findings of fact, he simply announced his decision to revoke probation. But, from the record it is clear that he resolved the factual question of defendants' participation in the subsequent offenses against them and believed the victim. A remand to further articulate this finding would not aid in our review. The reasoning which supports the requirement of making findings of fact is satisfied. There was no error on this point.

## IV

Defendant Woodward claims that he was denied due process, as defined in *Gagnon,* because the trial court was not a neutral and detached hearing body. The claim is based on the fact that the judge who heard the revocation petition was the same judge who had originally placed defendant on probation and also the fact that Recorder's Court

was in the midst of a crash program which put pressure on the court to move the docket.

The "neutral and detached hearing body" requirement is aimed at preventing revocation by one who was directly involved in bringing the charges against the defendant, such as a probation officer, or one who has personal knowledge of an event upon which the charge is based, such as a judge who orders revocation because of a failure to appear before him. *McGuire v Warden,* 229 NW2d 211 (ND, 1975), *Edwardsen v Gray,* 352 F Supp 839 (ED Wis, 1972). See also, *Louk v Haynes,* — W Va —; 223 SE2d 780 (1976). As each of these courts recognized, a trial court which has placed a defendant on probation is not precluded, simply by that fact, from conducting the hearing on a petition to revoke. *Cf. People v Blakely,* 62 Mich App 250, 255; 233 NW2d 523 (1975) (dictum). We so hold.

There has been no allegation that the court was personally biased against defendant. Nor does defendant's argument concerning the crash program in Recorder's Court strike us as persuasive. A finding that defendant did not violate probation would also remove the case from the docket. The trial court's decision to revoke probation was adequately supported by the record. We find no error in this issue.

## V

The final issue involves defendant Woodward's claim that the trial court relied on prejudicial material contained in the presentence report in setting his sentence. In rebutting defense counsel's claim that defendant had no prior trouble with the law, other than the offense for which he was placed on probation, the trial court pointed out an

incident which was strikingly similar to the event which led to probation being revoked.[6] The defendant did not deny that the incident occurred, but attempted to explain it. No further objection to consideration of this matter was raised by defendant or his attorney. The court was presented with defendant's side of the story. We can find no error. *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *aff'd in part, rev'd in part on other grounds,* 400 Mich 1; 252 NW2d 779 (1977).

The judgment in each case is affirmed.

CYNAR, P.J., concurred.

D.C. RILEY, J. *(concurring).* Although I concur in the result reached in the majority opinion, I cannot endorse the majority's discussion of Issue II of the appeals of Kendrick and Woodward.

In Issue I the majority, citing *People v Baines,* 82 Mich App 438; 266 NW2d 839 (1978), holds that the question, being whether the defendants' Fifth Amendment rights were violated when their probation revocation hearings were held prior to their trials, should be deferred until a more appropriate case is presented. I agree with this result, which does comport with the decision in *Baines, supra,* since defendants did not assert their Fifth Amendment claim at the revocation hearing or raise the issue at the subsequent trial, choosing instead to testify.

In Issue II, the majority initially holds that the probation revocation statute, MCL 771.4; MSA 28.1134, is not violated when the revocation hearing precedes the trial. I agree with this result only for the precise reason that the statute is satisfied

---

[6] It is unclear whether this incident was the basis of the charge for which defendant earlier pled guilty and was placed on probation. The prosecutor claims that it was.

by a lower standard of proof than applicable in a trial.

My reluctance to fully concur in the majority's opinion is based upon the additional language in Issue II, where the majority states that since one proceeding must occur first "there is no reason why it cannot be the revocation hearing". The majority then cites *Baines, supra,* for this conclusion. I feel that this language is both unnecessary to the decision and too broad in scope.

In Issue I the majority clearly implied that there may be Fifth Amendment problems relating to the sequence of the two proceedings. See 74 Mich L Rev 525 (1976). This question was deferred only because of the factual context of the instant case. However, the cited language in Issue II can be reasonably read to hold that no problems, either Fifth Amendment or otherwise, prevent the revocation hearing from occurring first. While such a reading may be arguably out of context, I do not think our opinion should even appear to foreclose the decision we deliberately left open in Issue I. In addition, I do not read *Baines, supra,* to hold that a revocation hearing can always predate the trial.

I therefore concur in the result reached on the facts of the present case, while emphasizing that the Fifth Amendment issue raised was decided limited to those facts.