**Jerry D. WILSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–1278A417.

Court of Appeals of Indiana, Second District.

May 5, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Jerry D. Wilson (Wilson) appeals the revocation of his probation, claiming he was denied due process by the trial court's failure to hold a preliminary hearing and that the trial court abused its discretion in revoking his probation.

## FACTS

Wilson's probation stems from a guilty plea to Burglary, for which he was sentenced on April 25, 1978 to ten years imprisonment. On June 5, 1978, the court suspended the balance of Wilson's sentence and placed him on probation for five years. A condition of probation was that he serve ten consecutive weekends in the Madison County Jail.

After serving four weekends in jail, Wilson failed to report for his fifth weekend. Wilson did not call either his probation officer or the jail to inform them of any reason why he would not report that weekend.

Notice of parole violation was filed with the Madison County Superior Court III on July 11, 1978, by Don Lockwood, Wilson's probation officer. That same day, the court issued an arrest warrant for Wilson.

A hearing on the probation revocation was set for July 18, but was continued at the request of the defendant until July 25. The court again continued the hearing until August 1, because of an inability to locate a notice of probation revocation in Wilson's file. The hearing was finally held on August 1, and on August 2 Wilson's probation was revoked.

Wilson was in jail, at a maximum, from July 11, when the arrest warrant was issued, until the hearing held on August 1.

## ISSUES

Two issues are presented for review:

1. Was Wilson deprived of due process by the trial court's failure to hold a

probable cause preliminary hearing shortly after his arrest?

2. Did the trial court abuse its discretion in revoking Wilson's probation?

As to Issue One, Wilson maintains that in all probation revocation proceedings in which the probationer is held in custody, due process demands a probable cause preliminary hearing. The State maintains that Wilson was not held in custody for such a substantial period as to require a preliminary hearing.

As to Issue Two, Wilson asserts the trial court abused its discretion in failing to consider compelling mitigating circumstances which caused non-compliance with the probation conditions. The State maintains there was sufficient evidence to support the trial court's probation revocation.

## DECISION

### ISSUE ONE

*CONCLUSION*—Wilson has not shown any reversible error in the trial court's failure to hold a preliminary hearing.

■ In asserting that he was entitled to a preliminary hearing, Wilson relies upon *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, and necessarily its forerunner, *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Those cases involve summary revocations of parole or probation without hearings. That is, the probationer or parolee was simply taken into custody by administrative officers, informed that his parole or probation was being revoked, and returned to incarceration. No hearing of any kind was afforded.

*Gagnon v. Scarpelli, supra,* applied the due process requirements afforded parole revocations in *Morrissey v. Brewer, supra,* to probationers.

In *Morrissey, supra,* the United States Supreme Court recognized that the full rights of a defendant in a criminal prosecution do not apply to revocations. A parole (or probation) may not summarily be revoked without hearing; that is the requirement of due process.

Due to the "substantial time lag" which frequently exists between apprehension and the final determination of revocation, the Supreme Court set forth a two hearing procedure. The first hearing, in the nature of a preliminary probable cause hearing, determines if there is probable cause to detain the probationer. The second hearing is a full hearing on the merits of the revocation.

It is the failure of the lower court to hold a preliminary hearing which Wilson asserts denied him of due process. We find, however, that Wilson has failed to demonstrate any meaningful reason for reversal.

■ Failure to hold a preliminary hearing is not, by itself, reversible error. The probationer must demonstrate that he was prejudiced by such failure, and that the burden of showing the prejudice falls upon the probationer. *People v. Knowles* (1977), 48 Ill.App.3d 296, 6 Ill.Div. 265, 362 N.E.2d 1087; *People v. Hunt* (1975), 29 Ill.App.3d 416, 330 N.E.2d 883; *People v. Blakely* (1975), 62 Mich.App. 250, 233 N.W.2d 523; *Ewing v. Wyrick* (Mo.1976), 535 S.W.2d 442. See *Richardson v. New York State Board of Parole* (1973), 41 A.D.2d 179, 341 N.Y.S.2d 825. As stated in the well-reasoned opinion of *People v. Hunt, supra* :

In our judgment, the rule announced in *Morrissey* is one of reasonableness, which requires a balancing of all relevant circumstances. . . .

Due process does not require that a probationer benefit from the denial of a timely prerevocation hearing, *but only that no unfairness result therefrom.* Accordingly, the probationer whose probation has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing.

330 N.E.2d at 887–88.

This was otherwise stated in *Richardson v. New York State Board of Parole, supra* :

[W]here there has been a revocation hearing at which it has been found in accord

with due process that there has been a violation, a subsequent preliminary hearing is purely supererogatory, and its absence under these circumstances violates no right of the parolee [or probationer]. And that is precisely what the Supreme Court decided in *Morrissey*.

41 A.D.2d 179, 341 N.Y.S.2d at 827.[1]

Here, not only has Wilson failed to demonstrate prejudice, he has not even claimed prejudice. The only contention is that as he was in jail without a preliminary hearing, his probation revocation should be reversed. This does not carry Wilson's burden.[2]

ISSUE TWO

*CONCLUSION*—The trial court did not abuse its discretion in revoking Wilson's probation.

Under Ind. Code 35–7–2–2(d), the State has the burden of proving a violation of probation by a preponderance of the evidence. But on appeal, this court does not reweigh the evidence. There was sufficient evidence on a probation violation by not reporting to jail on a weekend.

Having found a probation violation, the trial court has authority to order execution of a sentence suspended by the probation. Ind. Code 35–7–2–2(f).

Wilson contends that the trial court abused its discretion in ordering the sentence executed because Wilson had an ex-

cuse for not reporting to the jail, that excuse being that he was hitch-hiking to the jail and was forced to turn back because of rain. A further excuse was that he did not return to jail because of a desire to see his older brother. There was evidence that he made no arrangements to assure his timely presence at the jail.

The trial court did not abuse its discretion.

We affirm.

SULLIVAN and SHIELDS, JJ., concur.

---

1. This is in accord with the generally accepted principle that the legality of an arrest is relevant to the validity of a conviction only if the admissibility of seized evidence is in issue. *Robinson v. State* (1973), 260 Ind. 517, 297 N.E.2d 409; *Lynch v. State* (1975), 163 Ind. App. 360, 323 N.E.2d 661; *Sankey v. State* (1973), 157 Ind.App. 627, 301 N.E.2d 235.

2. We also observe that our statutory revocation proceeding differs considerably from the evils of the administrative revocation proceeding addressed by the Untied States Supreme Court. In those cases, probation was summarily revoked and the defendant returned to incarceration without any opportunity for a hearing of any sort.

Probation revocation in Indiana is governed by Ann. Ind. Code (West 1978) 35–7–2–2. This provides that a petition for revocation must be filed with the sentencing court. Thereafter the court issues either a summons or an arrest warrant for the probationer, and a full hearing on the merits of the revocation follows. In Indiana, our State Constitution requires that such an arrest warrant be issued on probable cause, and such must be read into this statute. *Kinnaird v. State* (1968), 251 Ind. 506, 242 N.E.2d 500. *See* Ind. Const. Art. 1, § 11. Since a probable cause determination must have already been made for the arrest of a probationer, there is no need for a subsequent preliminary hearing to determine probable cause. It has already been judicially established. *Singletary v. State* (Fla.Dist.Ct.App. 1974), 290 So.2d 116; *Murphy v. Commonwealth* (Ky.1977), 551 S.W.2d 838.

This affords a probationer taken into custody the same rights as a person charged with a crime, who is not entitled to a probable cause preliminary hearing if he has been arrested upon a warrant. *See Seay v. State* (1976), Ind.App., 342 N.E.2d 879. *See also State ex rel. French v. Hendricks Superior Court* (1969), 252 Ind. 213, 247 N.E.2d 519.