## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 9:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerome Harris a/k/a Lawrence Brown, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff* | December 21, 2017 <br><br> Court of Appeals Case No. 48A05-1706-CR-1323 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark Dudley, Judge <br><br> Trial Court Cause No. 48C06-9806-CF-160 |

**May, Judge.**

[1] Lawrence Tyron Brown[1] appeals the revocation of all six-years of his suspended sentence. Brown asserts the court abused its discretion by revoking his full suspended sentence "for technical violations not for commission of new crimes or testing positive for illegal substances." (Br. of Appellant at 14.) As one of Brown's violations was a failure to report for probation, which resulted in his absconding for over a decade, we see no abuse of discretion in the trial court's imposition of the full suspended sentence and accordingly affirm.

## Facts and Procedural History

[2] Brown stole a car at gunpoint in Anderson, Indiana, on June 26, 1998. He was arrested a few days later in the car in Cook County, Illinois. The victim identified Brown as the person who took the car, the State charged Brown with Class B felony carjacking,[2] and Brown pled guilty. The court sentenced Brown to twelve years, but suspended six of the years to probation.

---

[1] In 1998, when Brown was arrested for the carjacking that began the proceedings herein, Brown reported his name was "Jerome Harris" and provided identifying information for Harris. Brown, as Harris, was convicted, served six years, and then failed to report for probation and disappeared, which resulted in the court entering a warrant for Harris' arrest. In 2014, the actual Jerome Harris wrote the trial court asking the court to clarify why his criminal record included a bench warrant for probation violation on a crime for which he had not been convicted. (App. Vol. II (Not For Public Access) at 38.) Further investigation by the prosecutor's office and police detectives revealed that Brown provided false information at arrest and his true identity is Lawrence Tyron Brown. Based thereon, in May 2015, the State filed a motion to correct record, and the court entered an order to remove Harris' name and identifiers from the case file and replace it with Brown's name and identifiers. (*Id.* at 70.) We accordingly refer to Brown as "Brown."

[2] Ind. Code § 35-42-5-2 (1993).

[3]　After serving his six years, Brown was released from custody on May 10, 2002, to begin serving probation. Three weeks later, the State filed a notice of probation violation because Brown had not reported for probation. Brown did not appear for the initial hearing on his probation violation, so the court issued an arrest warrant on June 25, 2002.

[4]　In May 2015, when authorities determined Brown's true identity, *see supra* n.1, they found he was in jail in Florida. The State of Indiana put a hold on him, and Brown was returned to Indiana's custody on September 11, 2016. On October 4, 2016, the State filed a corrected notice of probation violation that asserted Brown violated probation by failing to report to probation, failing to obtain the substance abuse evaluation ordered, failing to pay the probation fee, and failing to pay court costs. The trial court found Brown violated all four of those conditions of probation, and it imposed all six years of Brown's suspended sentence.

## Discussion and Decision

[5]　"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). The trial court has discretion to set the conditions of probation and "to revoke probation if the conditions are violated." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). When a defendant appeals from a trial court's determination of violation and sanction, we review the court's decision for an abuse of discretion. *Id.* "An abuse of discretion occurs where the decision is

clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Id.* (internal citation omitted).

[6] Revocation of probation is a two-step process. *Id.* The court first must determine whether a violation occurred. *Id.* After finding a defendant violated his probation, the trial court may continue the probation, extend the term of probation, or "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h).

[7] Brown asserts the trial court abused its discretion in ordering execution of all six years of his suspended sentence for what Brown calls "technical violations." (Br. of Appellant at 14.) In support thereof he cites *Heaton*, in which our Indiana Supreme Court noted a trial court has discretion to continue a probationer on probation when violations are only "technical in nature." 984 N.E.2d at 618. While a trial court may have discretion to do so, we cannot say this trial court abused its discretion when it refused to do so.

[8] Assuming *arguendo* failure to report to probation is merely a "technical violation" of probation, Brown was not just an hour, a week, or a month late in reporting to probation. Fourteen years passed between when Brown was released to probation in May 2002 and when the State took custody of Brown in Florida in September 2016. We cannot say the trial court abused its discretion when it declined to give Brown a second opportunity to flee the jurisdiction rather than serve the sentence imposed. *See Wilson v. State*, 403 N.E.2d 1104, 1106 (Ind. Ct. App. 1980) (no abuse of discretion in revoking

suspension of full ten-year sentence when defendant failed to report to jail on one of ten weekends he was to serve as a condition of probation).

# Conclusion

[9] Brown has not demonstrated the trial court abused its discretion in revoking all six years of Brown's suspended sentence. We accordingly affirm.

[10] Affirmed.

Vaidik, C.J. and Altice, J., concur.